1  Ian S. Landsberg, Esq. (SBN. 137431)
      ian@landsberg-law.com
2  Lisa K. Skaist, Esq. (SBN: 130806)
      lisa@landsberg-law.com
3  **LANDSBERG LAW, APC**
   9300 Wilshire Boulevard, Suite 565
4  Beverly Hills, California 90212
   Telephone: (310) 409-2228
5  Facsimile: (310) 409-2380

6  Attorneys for Defendant
   Grant Thornton LLP

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>    Debtor.<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE WOLF CAPITAL PARTNERS, LLC, BLUE WOLF CAPITAL FUND II, L.P., GLADSTONE INVESTMENT CORPORATION, BLUE WOLF CAPITAL ADVISORS L.P., BW PIEZO HOLDINGS, LLC, FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE PARTNERS II, INC., PENGDI HAN, | Case No. 9:16-bk-11912-DS<br><br>Chapter: 11<br><br>Adv. No.: 9:18-ap-01058-DS<br><br>**AMENDED NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANT GRANT THORNTON LLP IN THE FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER UNDER 11U.S.C. §548(a)(1)(A) AND 550(a); (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B); (3) ACTUAL FRAUD;(4) CONSTRUCTIVE FRAUD; (5) UNJUST ENRICHMENT; AND (6) CONVERSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1

|  |  |
|---|---|
| DHAN, LLC, GRANT THORNTON, LLP, CTG ADVANCED MATERIALS, LLC, CTS CORPORATION, ELECTRO OPTICAL INDUSTRIES, DUFF & PHELPS, and CIT BANK, N.A.,<br><br>Defendants. | Hearing:<br>Date: January 16, 2019<br>Time: 10:30 a.m.<br>Place: Courtroom 201<br>     United States Bankruptcy Court<br>     1415 State Street<br>     Santa Barbara, California 93101 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 16, 2019, at 10:30 a.m. in Courtroom 201 of the United States Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101, defendant Grant Thornton LLP ("Defendant") will and hereby does move this Court (the "Motion") to dismiss the claims against it in the First Amended Complaint ("FAC") for (1) Avoidance of Actual Fraudulent Transfers Under 11 U.S.C. §548(a)(1)(A) and 550(a); (2) Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. § 548 (a)(1)(B); (3) Actual Fraud; (4) Constructive Fraud; (5) Unjust Enrichment; and (6) Conversion filed by plaintiff ("Plaintiff") Corporate Recovery Associates, LLC as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, the entity formed for the purpose of liquidating the estate of debtor Channel Technologies Group, LLC ("Debtor"). The Motion is brought pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure ("Rule 12 (b)(6)"), made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure and made on the ground the Plaintiff has failed to allege any *facts* necessary to plausibly state a claim for relief for avoidance and recovery of actual and constructively fraudulent transfers against Defendant.

In short, the Complaint is fatally flawed in that it provides absolutely no factual basis or guidance to support its claims, each of which are based in fraud,

2

1 against Defendant. Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") requires
2 that in alleging fraud, a party must state with particularity the circumstances
3 constituting fraud or mistake. To satisfy this standard, a "complaint must identify
4 the who, what, when, where, and how of the misconduct charged, as well as what is
5 false or misleading about the purportedly fraudulent statement, and why it is false."
6 *Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013).
7     Moreover, Rule 9(b) applies to "particular averments of fraud" in state law
8 claims, even where fraud is not an element of the claim. *Vess v. Ciba-Geigy Corp.*
9 *USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Therefore, where the plaintiff alleges "a
10 unified course of fraudulent conduct and rel[ies] entirely on that course of conduct
11 as the basis of a claim," that claim is said to be "grounded in fraud" and must be
12 plead with particularity. *Id.* at 1103-04."
13     In support of this Motion, the Defendant will rely on these moving papers and
14 exhibits, the attached Memorandum of Points and Authorities, the pleadings and
15 orders on file in this case, and such other evidence and arguments of counsel as may
16 be presented at or before the hearing on the Motion.
17     **PLEASE TAKE FURTHER NOTICE** that pursuant to *Stern v. Marshall*,
18 131 S. Ct. 2594 (2011) and *Executive Benefits Ins. Agency v. Arkison (In re*
19 *Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), the Defendant does not
20 consent to entry of final orders or judgment by the bankruptcy judge in this
21 adversary proceeding, and hereby reserves Defendant's right to withdraw reference
22 of this proceeding.
23     **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy
24 Rule 9013-1(f), any party that wishes to oppose the relief requested in the Motion
25 must file not later than 14days prior to the scheduled hearing date, with the Clerk of
26 the Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101,
27 and serve upon Defendant's counsel, located at the address indicated on the upper
28 left corner of the first page of this notice, "[a] complete written statement of all

reasons in opposition thereto ..., declarations and copies of all photographs and documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities."

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve a timely response may be deemed consent to the relief requested in the Motion.

**WHEREFORE**, the Defendant respectfully requests the Court to enter an Order:

1. Granting the Motion;

2. Dismissing FAC against it; and

3. Granting such other and further relief as is just and proper in the circumstances.

Dated:  December 6, 2018           **LANDSBERG LAW, APC**

By: _____
Ian S. Landsberg, Esq.
Attorneys for Defendant
Grant Thornton LLP

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 5

I. FACTUAL BACKGROUND .................................................................................... 5

II. ARGUMENT .............................................................................................................. 6

    A. Legal Standard ................................................................................................ 6

    B. The Motion Should Be Granted as to Each of the Six Claims for Relief Against Defendant Because They Allege Nothing More Than the Elements of the Avoidance Statutes and Are "Supported" By Nothing More than Self-Serving Conclusions ................... 8

        1. The Actual Fraud Claims
           (Labeled "E" and "G" of FAC) ........................................................ 8

        2. The Constructive Fraud Claims
           (Labeled "F" and "H" of FAC) ........................................................ 9

        3. The Unjust Enrichment Claim
           (Labeled "I" in FAC) ........................................................................ 10

        4. The Conversion Claim
           (Erroneously Labeled "E" in FAC) ................................................ 10

III. CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

*Cases* — Page

*Allwaste, Inc. v. Hecht,*
   65 F.3d 1523, (9th Cir. 1995) .................................................................................... 10

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................. 7, 9

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........................... 6, 7, 8, 9

*Conley v. Gibson,*
   355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ................................................ 6

*Executive Benefits Ins. Agency v. Arkison,*
   702 F.3d 553 (9th Cir. 2012) ........................................................................................ 3

*Hartman v. Gilead Sciences, Inc.,*
   536 F.3d 1049 (9th Cir. 2008) ..................................................................................... 7

*Kearns v. Ford Motor Company,*
   567 F.3d 1120 (9th Cir. 2009) ..................................................................................... 7

*Maksoud v. Guelton,* No. 3:17-cv-362-H-WVG,
   2017 WL 2505887 (S.D. Cal. June 2017 .................................................................. 10

*Nishibun v. Prepress Solutions, Inc.,*
   111 F.3d 138 (9th Cir. 1997) ....................................................................................... 7

*Official Committee of Unsecured Creditors v. Blomen (In re Hydrogen, LLC),*
   431 B.R. 337 (S.D.N.Y. 2010) ..................................................................................... 9

*Sacramento E.D.M., Inc. v. Hynes Aviation Industries, Inc.,*
   965 F.Supp.2d 1141 .................................................................................................... 9

*Seror v. Stone (In re Automated Finance Corporation)*
   2011 WL 10502417 ..................................................................................................... 7

## TABLE OF AUTHORITIES (CONT.)

*Cases*

*Shroyer v. New Cingular Wireless Servs., Inc.*,
   622 F.3d 1035 (9th Cir. 2010) ............................................................................ 7, 8

*Stern v. Marshall*,
   131 S. Ct. 2594 (2011) ............................................................................................ 3

*Vess v. Ciba-Geigy Corp USA*,
   317 F.3d 1097 (9th Cir. 2003) .................................................................. 3, 7, 8, 10

*Statutes*

11 U.S.C. §548(a)(1)(A) .................................................................................................. 2
11 U.S.C. § 548 (a)(1)(B) ................................................................................................ 9

*Other Authorities*

Fed. R. CIV. P. 8(a) .......................................................................................................... 6
Fed. R. CIV. P. 9(b) ........................................................................................ 7, 9, 10, 11
Fed. R. CIV. P. 12 (b)(6) .................................................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. FACTUAL BACKGROUND

Plaintiff commenced this adversary proceeding to recover alleged actual and constructive fraudulent transfers naming multiple defendants as recipients of unknown assets. There are but two allegations in the FAC relevant to Defendant: 1) Defendant is named at paragraph 13 of the FAC and is identified merely as an "Illinois limited liability partnership, with its principal place of business in . . . Chicago, IL…"; and 2) paragraph 126 of the FAC states only that "In the alternative, in the event an alter ego determination is not made, Defendant[] Grant Thornton, LLP . . . received transfers from CTG or benefits from CTG paying its liabilities."

The Complaint provides absolutely no factual bases or guidance to assist Defendant in determining the bases of the six claims for relief alleged against it as one of multiple "All Defendants" into which Defendant is lumped. Aside from failing to particularly state with particularity any facts relating to Defendant, Plaintiff has failed to identify the transferor of the alleged transfers, when the alleged transfers were made, how they were made, the benefits Defendant allegedly received, whether the transfers were cash or other property, or any other information to support Plaintiff's claims sufficient to hold Defendant liable for fraud.

The FAC's allegations of "transfers" in the six claims for relief lettered E, F, G, H, I and [sic] E alleged against "All Defendants" merely state in conclusory terms, upon information and belief, that "[e]ach of the transfers specified in Exhibit B were made with property of CTG" and that each "were made or entered into after October 14, 2014." Exhibit B does not shed any additional light on the matter and serves only to contradict the allegations against this Defendant. Exhibit B is entitled "CTG Transfers for the Benefit of Affiliates and Subsidiaries." It simply lists

---

[1] Unless otherwise stated, all defined terms have the same meaning as set forth in the preceding Notice.

5

Defendant as having "received transfers" in the "total amount of $1,105,115.85" from 1/25/13 – 3/15/17, a period preceding by almost two years the October 14, 2014 operative date alleged in the FAC. Without specific facts as to the alleged dates of the transfers, Defendant has no way to evaluate whether Plaintiff's claims are barred by the statutes of limitations. Moreover, there are no facts as to the specific "transfers" Plaintiff claims are fraudulent or any of the requisite who, what, when, where and how facts necessary to support the alleged fraud. The "beneficiary" is identified on Exhibit B as "Blue Wolf Entities; CTG Advanced Materials LLC." It is unclear whether the Complaint refers to assets of the Debtor, the Plaintiff or some other source, nor can it be determined whether the "transfers" alleged are of cash or other property. Moreover, there are no facts establishing any connection between Plaintiff, the Debtor and Defendant, and any relation between Defendant and any other party.

## II.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." For fifty years, courts followed the Supreme Court's *uber* liberal construction of Rule 8 to mean that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In 2007, however, the Supreme Court revisited *Conley* and concluded that fairness and practicality require a more stringent standard so that not every lawsuit, however speculative, will survive and strain the resources of the parties and the courts with unnecessary litigation. Accordingly, the Supreme Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is ***plausible*** on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). (Emphasis added).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court expanded upon *Twombly* and explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements", will not satisfy the facial plausibility test. *Id*. at 663. Thus, while it remains the standard that in determining a Rule 12 (b)(6) motion to dismiss the court is required to accept as true all material facts alleged in the complaint as well as all reasonable inferences to be drawn from such facts, the court is not required to accept as true allegations that are merely conclusory, or require unwarranted deductions or unreasonable inferences. *Hartman v. Gilead Sciences, Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 9(b), made applicable to bankruptcy cases by Rule 7009 of the Federal Rules of Bankruptcy Procedure applies to intentionally fraudulent transfers, whether brought under Federal bankruptcy law or state law. *Seror v. Stone (In re Automated Finance Corporation)*, 2011 WL 10502417*4 (Bankr.C.D.Cal. January 25, 2011); *Nishibun v. Prepress Solutions, Inc.*, 111 F.3d 138 (9th Cir. 1997). The Court may dismiss an intentional fraudulent transfer claim at this stage on Rule 9(b) alone since, with respect to intentional fraud claims, it is the functional equivalent of a Rule 12(b)(6) motion. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *Kearns v. Ford Motor Company*, 567 F.3d 1120, 1124, fn. 2 (9th Cir. 2009). In addition, the heightened specificity requirement of Rule 9(b) has generally been construed to mean that fraud claims, including intentional fraudulent transfer claims, made on information and belief are not sufficiently particular unless they are accompanied by a statement of facts on which the belief is founded. *See, e.g. Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

### B. The Motion Should Be Granted As To Each of the Six Claims for Relief Against Defendant Because They Allege Nothing More Than The Elements of the Avoidance Statutes And Are "Supported" By Nothing More than Self-Serving Conclusions

#### 1. The Actual Fraud Claims (Labeled "E" and "G" of FAC).

Fraud claims must state with specificity the particular circumstances constituting the intentional fraud, including "the who, what, when, where and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1102-03. Accordingly, as noted above, FAC must set forth the specific facts upon which the allegation or belief is based. *Shroyer supra*.

In the present case, the claims labeled E (Avoidance of Actual Fraudulent Transfers, ¶87-96), and G (Violation of California Uniform Fraudulent Transfer Act [Actual Fraud], ¶¶107-115), allege that the "CTG, through its officers, employees, and agents made the transfers and incurred the obligations specified in Exhibit B with the actual intent to hinder, delay and defraud CTG's creditors." (¶¶ 91, 111.) However, there is not a single operative allegation in the entire FAC that sets forth any facts identifying, or from which the Court could even reasonably infer, the factual bases for the claim. The FAC alleges that the alleged "transfers or obligations were made or entered into after October 14, 2014 [¶¶90, 100, 110, 119]. However, Exhibit B states that Defendant "received transfers" between January 25, 2013 to March 15, 2017" in the "total amount of $1,105,115.85," the "beneficiary" of which is alleged to be "Blue Wolf Entities. Neither the FAC or Exhibit B identify specific dates or facts concerning the transfers identified in Exhibit B, which precede by almost two years the operative October 14, 2014 date alleged in the FAC.

Clearly, the allegations in both claims provide nothing more than "a formulaic recitation of the elements of [the] cause of action." *Twombly*, 550 U.S. at 555. In

short, as the Supreme Court described this type of allegation, the Trustee simply relies upon "an unadorned, the-defendant-harmed-me accusation." *Id*. It is well settled under *Twombly* and *Iqbal* that such allegations fail to state a claim for relief and cannot survive a motion to dismiss.

Because the FAC falls short of providing Defendant adequate notice as to the specific facts of the alleged fraud it therefore does not satisfy the particularity requirements of Rule 9(b).

### 2. The Constructive Fraud Claims (Labeled "F" and "H" of FAC).

In addition to asserting actual fraud, the FAC also alleges that the amorphous "transfers" to Defendant were constructively fraudulent under Section 548(a)(1)(B) and "California Uniform Fraudulent Transfer Act." (*See*, FAC "F", ¶¶ 97-106; "H", 116-124.) Plaintiff's constructive fraud claims are also subject to the particularity requirement under Rule 9(b), *Sacramento E.D.M., Inc. v. Hynes Aviation Industries, Inc.*, 965 F.Supp.2d 1141, 1152, and must be alleged with facts sufficient to apprise Defendant of the nature and circumstances of the misconduct charged. *See e.g. Official Committee of Unsecured Creditors v. Blomen (In re Hydrogen, LLC)*, 431 B.R. 337, 352 (S.D.N.Y. 2010) (dismissing claims under §548(a)(1)(B) because the complaint "sets forth little more than a formulaic recitation of the elements"). Plaintiff's claims suffer the same infirmity as the actual fraud claims, including lack of any specificity, and certainly any that would elevate these claims to a right to relief above the speculative level.

The Complaint does not allege any facts supporting the self-serving conclusion that the Debtor was insolvent at the time the alleged transfers to Defendant were made, or demonstrating that the Debtor was made insolvent as a result of the transfers; or that the Debtor did not receive reasonably equivalent value in exchange for any of the transfers he made; or that the obligations incurred were

9

beyond the Debtor's ability to pay as the debts matured. Based on the foregoing, the claims for constructive fraud should likewise be dismissed against Defendant.

### 3. The Unjust Enrichment Claim (Labeled "I" in FAC)

Like the claims for actual and constructive fraud, the unjust enrichment claim expressly incorporates and is based on the same conclusory allegations of alleged fraud and is likewise deficient. "[T]he Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess*, 317 F.3d at 1103 (citations omitted) (quotation marks omitted). State law claims which do not require a showing of fraud are still held to the higher pleading standard of Rule 9(b) if they are based in or "sound in fraud." *Id.* at 1103-04. (citations omitted) (quotation marks omitted); *Maksoud v. Guelton*, No. 3:17-cv-362-H-WVG, 2017 WL 2505887, at *6 (S.D. Cal. June 2017 ) (applying Rule 9(b) to unjust enrichment claim grounded in fraud.)

Plaintiff's unjust enrichment claim is grounded in fraud and is thus subject to the heightened pleading standard of Rule 9(b). Like the underlying fraud claims, it fails to satisfy the required particularity standard of Rule 9(b) for the reasons discussed above. Accordingly, the unjust enrichment claim should be dismissed.

### 4. The Conversion Claim (Erroneously Labeled "E" in FAC)

"[T]he Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess*, 317 F.3d at 1103 (citations omitted) (quotation marks omitted). State claims which do not require a showing of fraud are still held to the higher pleading standard of Rule 9(b) if they are based in or "sound in fraud." *Id.* at 1103-04. (citations omitted) (quotation marks omitted); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (holding conversion claims involving "unspecified acts of mail and wire fraud fail[ed] to meet the particularity requirement of Rule 9(b)").

Plaintiff' conversion claim incorporates by reference the prior allegations of the FAC and is thus based on the same defective averments of fraud. Because the

underlying allegation of this claim is based in fraud, it must satisfy the required particularity standard of Rule 9(b), which it does not for the reasons discussed above.

## III. CONCLUSION

As set forth above, Defendant Grant Thornton respectfully requests that the Court grant its Motion to Dismiss with respect to all of the causes of action against it (including without limitation, E, F, G, H, I and E) without leave to amend.

Dated:  December 6, 2018                    **LANDSBERG LAW, APC**

                                            By: *[signature]*
                                            Ian S. Landsberg, Esq.
                                            Attorneys for Defendant
                                            Grant Thornton LLP

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: *9300 Wilshire Blvd., Suite 565, Beverly Hills, CA 90212.*

A true and correct copy of the foregoing document described as **"NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANT GRANT THORNTON LLP IN THE FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER UNDER 11U.S.C. §548(a)(1)(A) AND 550(a); (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11U.S.C. § 548(a)(1)(B); (3) ACTUAL FRAUD;(4) CONSTRUCTIVE FRAUD; (5) UNJUST ENRICHMENT; AND (6) CONVERSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF "** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** (Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 12,2018**, checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Cheryl S Chang**    Chang@Blankrome.com, Hno@BlankRome.com
- **Andrew B Levin**    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- **Christian A Orozco**    , thooker@lynnllp.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **December 12,2018** served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December12,2018**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Case No. Adv. No.: 9:18-ap-01058-DS

Proof Of Service

**United States Bankruptcy Court**
**Central District of California**
**255 E. Temple Street, Suite 1634 / Courtroom 1639**
**Los Angeles, CA 90012**
**Honorable Deborah J. Saltzman**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| *December 12, 2018* | Yesennia Alarcon | /s/ Yesennia Alarcon |
| Date | Type Name | Signature |

## SERVICE LIST

**Served Via U.S. Mail:**

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

**Corporate Recovery Associates, LLC,** *Liquidating Trustee*
3830 Valley Centre Drive
Suite 705-152
San Diego, CA 92130

**Andrew B Levin**
Winthrop Couchot Golubow Hollander, LLP
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Attorney for Corporate Recovery Associates, LLC, *Liquidating Trustee*

**Christian A Orozco**
Lynn Pinker Cox & Hurst LLP
2100 Ross Ave Ste 2700
Dallas, TX 75201
Attorney for Corporate Recovery Associates, LLC, *Liquidating Trustee*

**Cheryl S Chang**
Blank Rome LLP
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Attorney for Defendant Gladstone Investment Corporation

Case No. Adv. No.: 9:18-ap-01058-DS
Proof Of Service