Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian Orozco
California State Bar No. 285723
corozco@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

Special Litigation Counsel for Plaintiff

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br>    *Debtor.*<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>BLUE WOLF CAPITAL PARTNERS, LLC, et al.,<br>    *Defendants.* | CASE NO. 9:18-AP-01058-DS<br><br><br><br>RESPONSE TO GRANT THORNTON LLP's AMENDED MOTION TO DISMISS |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. ii

TABLE OF AUTHORITIES........................................................................................... iii

   I.   INTRODUCTION ................................................................................................1

   II.   ARGUMENT .......................................................................................................2

        A.   Rule 12(b)(6) Standard ..............................................................................2

        B.   CRA Sufficiently States Claims for Actual and Constructive
             Fraudulent Transfers Pursuant to the Bankruptcy Code................3

        C.   CRA Sufficiently States Claims for Actual and Constructive
             Fraudulent Transfers Pursuant to California Law. ........................8

        D.   CRA Sufficiently States Claims for Unjust Enrichment and
             Conversion.................................................................................................9

CONCLUSION ................................................................................................................11

CERTIFICATE OF SERVICE .......................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 3

*Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544 (9th Cir. 1991) ............................................................................................... 6

*Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d 954 (9th Cir. 2017) ............................... 6

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) ..................... 4

*LaChapelle v. Dong Kwan Kim*, 2015 U.S. Dist. LEXIS 161801 (N.D. Cal. Dec. 1, 2015) ............................................................................. 9

*Lee v. Hanley*, 61 Cal. 4th 1225 (Cal. 2015) ............................................ 12

*McGraw Co. v. Aegis Gen. Ins. Agency, Inc.*, No. 16-cv-00274-LB, 2016 U.S. Dist. LEXIS 91124 (N.D. Cal. July 13, 2016) ......................... 13

*Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, Cal. Rptr. 3d 832 (2014) ................................................................. 12

*TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999) ..................................... 5

*United States v. Hempfling*, 431 F. Supp. 2d 1069 (E.D. Cal. 2006) ......... 4

*Van Buskirk v. CNN, Inc.*, 284 F.3d 977 (9th Cir. 2002) ........................... 5

**Statutes**

11 U.S.C. § 544(b)(1) ................................................................................. 4

11 U.S.C. § 548(a)(1)(A) ............................................................................ 4

11 U.S.C. § 548(a)(1)(B) ........................................................................ 4, 6

11 U.S.C. § 550(a) ...................................................................................... 4

Cal. Civ. Code § 3439.03(2) ....................................................................... 8

Cal. Civ. Code § 3439.04(1) ....................................................................... 7

Cal. Civ. Code § 3439.09(1) ....................................................................... 8

**Rules**

Fed R. Civ. P. 9(b).............................................................................. 2, 7, 9, 11

F<small>ED</small>. R. C<small>IV</small>. P. 8(d)(2) ............................................................................... 10

**Other Aurthorities**

2 Moore's Fed. Practice – Civ. § 9.03 ......................................................... 4

2 Moore's Fed. Practice Civ. § 8.04 ............................................................ 2

Plaintiff Corporate Recovery Associates, LLC, solely in its capacity as Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC ("Plaintiff" or "CRA"), by and through its undersigned counsel, hereby responds to Defendant Grant Thornton LLP's ("Defendant" or "Grant Thornton") Amended Motion to Dismiss and, in support hereof, hereby shows as follows:

## I.    INTRODUCTION

Grant Thornton does not meet its burden to justify dismissal of CRA's well-pled claims. CRA's First Amended Complaint contains sufficient factual detail to establish the plausibility of its claims that (1) Channel Technologies Group, LLC's ("CTG") management and Blue Wolf Capital Partners, LLC, Blue Wolf Capital Fund II, L.P., Gladstone Investment Corporation, Blue Wolf Capital Advisors L.P., and BW Piezo Holdings, LLC ("BW Piezo") (collectively, "Blue Wolf Entities") directed CTG to make actual and constructive fraudulent transfers in violation of the Bankruptcy Code and California Law; (2) that CRA has the right to seek the avoidance of those transfers to Grant Thornton; and (3) that Grant Thornton is liable for unjust enrichment and conversion regarding the transfers CTG made to it.

CRA alleges detailed facts demonstrating how CTG's management and the Blue Wolf Entities took advantage of its control of CTG to exhaust and transfer the entirety of CTG's assets to themselves and for the benefit of other separate entities absent CTG receiving any reasonably equivalent value. Faced with CRA's well-pled factual allegations, Grant Thornton misstates CRA's pleading burden and improperly asks the Court to decide complex factual issues *at the pleading stage*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS**    1

*(when CRA's allegations must be accepted as true)*—and without the benefit of discovery. Thus, CRA respectfully submits that Grant Thornton's motion must be denied.

## II. ARGUMENT

### A.    Rule 12(b)(6) Standard

All pleadings setting forth claims for relief must include a short and plain statement of the claim showing that the pleader is entitled to relief.  2 Moore's Fed. Practice Civ. § 8.04.  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556. The federal pleading standard "does not require 'detailed factual allegations,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), although the Complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

If a plaintiff alleges fraud as a cause of action, the plaintiff must plead with particularity the circumstances constituting fraud.  Fed R. Civ. P. 9(b).  "A complaint alleging fraud meets the Rule 9(b) standard if it alleges the time, place, and content of the fraudulent statements, including reasons why the statements are false. *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1075 (E.D. Cal. 2006) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), *rev'd on other grounds*, 60 F.3d 591 (9th Cir. 1995)).  "Where fraud allegedly occurred over a

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS**     **Page 2**

period of time, however, Rule 9(b)'s requirement that the circumstances of fraud to be stated with particularity are less stringently applied." *Id*. Further, "plaintiffs are not absolutely required to plead the specific date, place, or time of each of the fraudulent acts, provided they use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud." 2 Moore's Fed. Practice – Civ. § 9.03.

Motions to dismiss for failure to state a claim are disfavored and rarely granted. *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1075 (E.D. Cal. 2006). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Moreover, in deciding a motion to dismiss, a court "must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

**B.    CRA Sufficiently States Claims for Actual and Constructive Fraudulent Transfers Pursuant to the Bankruptcy Code.**

Relevant to this Motion, CRA is seeking the avoidance of both actual and constructive fraudulent transfers made by CTG to Grant Thornton from January 25, 2013 to March 15, 2017 under both the Bankruptcy Code and California law. In its Amended Motion to Dismiss, Grant Thornton does not dispute that it received transfers from CTG; instead, Grant Thornton argues that CRA has not sufficiently pled enough factual detail regarding the transfers at issue or "information to support

Plaintiff's claims sufficient to hold Defendant liable for fraud." Def.'s Am. Mot. to Dismiss 5.

Grant Thornton's arguments illustrate a fundamental misunderstanding of the applicable law.

Under the Bankruptcy Code, a liquidating trustee has the authority to enlarge a debtor's estate by invalidating fraudulent transfers, thereby returning the property to the debtor's estate. *Henry v. Official Comm. of Unsecured Creditors of Walldesign, Inc. (In re Walldesign, Inc.)*, 872 F.3d 954, 959 (9th Cir. 2017) (citing 11 U.S.C. §§ 544(b)(1), 548(a)(1)(B)). "When a trustee has proven the avoidability of a fraudulent transfer, the trustee may recover the property or its value from '(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any [subsequent] transferee of such initial transferee.'" *Id.* (quoting 11 U.S.C. § 550(a)). A liquidating trustee has an absolute right of recovery against the initial transferee and any entity for whose benefit such transfer was made. *Danning v. Miller (In re Bullion Reserve of N. Am.)*, 922 F.2d 544, 547 (9th Cir. 1991). Thus, CRA need not prove that Grant Thornton was engaged in fraud; CRA need only ultimately prove that (1) the transfers at issue should be avoided; and (2) that Grant Thornton was an initial transferee. CRA has met the applicable pleading standards at this stage of the litigation as provided below.

***First***, to prevail on its claims for the avoidance of CTG's actual fraudulent transfers, CRA must ultimately prove: (1) the transfers involved property of the debtor; (2) the transfer were made within two years of the filing of the debtor's

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS** **Page 4**

bankruptcy petition; and (3) the Debtor made the transfers or incurred the obligations with actual intent to hinder, delay, or defraud any existing or resulting creditor. 11 U.S.C. § 548(a)(1)(A).

CRA has met its burden of pleading facts establishing a plausible claim for relief and pleading with particularity the circumstances constituting fraud. In its First Amended Complaint, CRA pleads in the alternative that the Blue Wolf Entities directed CTG's management to transfer CTG's property to pay for liabilities and professional services for the benefit of other separate entities such as CTG Advanced Materials. First Am. Compl. ¶¶ 33, 45, 89. CRA pled that those transfers covered by the Bankruptcy Code were made or entered into after October 14, 2014, two years prior to CTG's bankruptcy petition. *Id.* at ¶ 90. Additionally, in an exhibit specifically incorporated into the First Amended Complaint, CRA provides greater detail regarding the transfers made to Grant Thornton, including the period in which the transfers took place, the total amount the transfers amounted to, and for whose benefit the transfers were made. *Id.* at 29. CRA has pled that these transfers were fraudulent because they were made in furtherance of a scheme perpetrated by CTG's management and controlling shareholder to exhaust CTG's assets, preserve CTG Advanced Material's assets, and ultimately put CTG into bankruptcy, thereby hindering, delaying, or defrauding CTG's creditors from being able to collect on debts owed. *Id.* at ¶ 44, 92. This scheme is rife with badges of fraud, and CRA pleads numerous facts to support this, including incorporating by reference a number of exhibits showing CTG paying for liabilities and expenses on behalf of CTG Advanced

Materials and the Blue Wolf Entities without receiving reasonably equivalent value in return. *Id.* at ¶ 44; Exs. 14–23.   CTG and the Blue Wolf Entities concealed that CTG Advanced Materials was not a subsidiary of CTG and misrepresented publicly that CTG Advanced Materials was a subsidiary of CTG. *Id.* at ¶ 44; Exs. 19, 23–24. After exhausting CTG's assets to pay for CTG Advanced Material's expenses, CTG's controlling shareholder sold CTG Advanced Materials, distributed the sales proceeds to itself and its own creditors; what it did not do is transfer any of the sales proceeds to reimburse CTG or CTG's creditors.  Indeed, after denuding CTG of assets, the Blue Wolf Entities subsequently put an insolvent CTG into bankruptcy. *Id.* at ¶ 39–41.  Moreover, CRA has pled and incorporated by reference that Grant Thornton was an initial transferee and knew that it was receiving payment from CTG for services provided to entities other than CTG.  *Id.* at ¶ 44; Exs. 19, 23. *See also id.* at 29.

***Second***, to prevail on its claims for avoidance of CTG's constructive fraudulent transfers, CRA must ultimately prove: (1) the transfers involved property of the debtor; (2) the transfer were made within two years of the filing of the debtor's bankruptcy petition; (3) the Debtor did not receive reasonably equivalent value in exchange for the property transferred; and (4) the Debtor was insolvent on the date the transfer was made or obligation incurred, became insolvent as a result of the transfers made or obligations incurred, or the remaining capital was unreasonably small for the Debtor's business.   11 U.S.C. § 548(a)(1)(B).

As a threshold matter, Grant Thornton erroneously asserts that CRA must meet a heightened pleading standard for its constructive fraudulent transfer claims. Def. Am. Mot. at 9. "Unlike actual fraudulent transfer, Rule 9(b)'s particularity requirement does not apply to constructive fraudulent transfer claims." *LaChapelle v. Dong Kwan Kim*, 2015 U.S. Dist. LEXIS 161801 *20, 2015 WL 7753235 (N.D. Cal. Dec. 1, 2015). Thus, CRA need only plead sufficient facts to establish a plausible claim for relief, a burden CRA meets and surpasses. In its First Amended Complaint, CRA pleads in the alternative that the Blue Wolf Entities directed CTG's management to transfer CTG's assets to pay for liabilities and professional services for the benefit of other separate entities, including CTG Advanced Materials. First Am. Compl. ¶¶ 33, 45, 99. CRA pled that those transfers covered by the Bankruptcy Code were made or entered into after October 14, 2014, within a period of two years prior to CTG's bankruptcy petition. *Id.* at ¶ 100. And again, in an exhibit specifically incorporated into the First Amended Complaint, CRA provides greater detail regarding the transfers made to Grant Thornton, including the period in which the transfers took place, the total amount the transfers amounted to, and for whose benefit the transfers were made. *Id.* at 29. CRA has pled that these transfers were constructively fraudulent because CTG did not receive reasonably equivalent value, became insolvent as a result of the transfers, and was undercapitalized. *Id.* at ¶ 101–102. CRA supports this claim by pleading numerous facts and incorporating by reference a litany of exhibits showing CTG paying for liabilities and expenses on behalf of CTG Advanced Materials and the Blue Wolf Entities

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS**     **Page 7**

without receiving reasonably equivalent value in return. *Id.* at ¶ 44; Exs. 14–23. CRA also pleads that CTG was left insolvent and undercapitalized as a result of these transfers. *Id.* at ¶ 33–38.

### C. CRA Sufficiently States Claims for Actual and Constructive Fraudulent Transfers Pursuant to California Law.

Grant Thornton relies on the same arguments it raises against CRA's actual and constructive fraudulent transfer claims based on the Bankruptcy Code to challenge CRA's actual and constructive fraudulent transfer claims based on California law. *See* Def. Am. Mot. at 8–10. To prevail on a claim for actual and constructive fraudulent transfer under the California Uniform Voidable Transactions Act, a plaintiff must prove the same elements as under the Bankruptcy Code discussed above. *See* Cal. Civ. Code §§ 3439.04(1) (actual fraudulent transfer); 3439.04(2) (constructive fraudulent transfer). One major difference is that pursuant to the California Uniform Voidable Transactions Act, a plaintiff may seek the avoidance of an actual fraudulent transfer made "not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant." § 3439.09(1). A plaintiff may also seek the avoidance of a constructive fraudulent transfer made not later than four years after the transfers. § 3439.03(2).

In short, the only tangible difference between what must be proven under the Bankruptcy Code and California law is that California law allows for a longer statute of limitations. Accordingly, for the same reasons discussed above, CRA has

sufficiently plead a plausible claim for the avoidance of both actual and constructive fraudulent transfers and Grant Thornton cannot justify dismissal of this claim.

### D. CRA Sufficiently States Claims for Unjust Enrichment and Conversion.

Grant Thornton's sole contention to dismiss CRA's claims for unjust enrichment and conversion is that Rule 9(b)'s heightened pleading standard applies because the causes of action are based on the same facts underlying the fraudulent transfer claims. *See* Def. Am. Mot. at 10–11. Grant Thornton is wrong. Grant Thornton does not address the sufficiency of the facts CRA pleads specifically regarding its unjust enrichment and conversion claims, and Grant Thornton relies exclusively on its prior arguments. *Id.*

***First***, Grant Thornton mistakenly assumes that CRA's unjust enrichment and conversion claims rest entirely on CRA's allegations of fraud. CRA pleads these claims in the alternative in the event a fact finder does not make an alter ego determination or determines that the transactions meet the elements set out in the Bankruptcy Code or California law to be considered fraudulent. *See* Pl.'s First Am. Compl. ¶¶ 125–32. The federal rules expressly allow CRA to set out claims in the alternative. *See* FED. R. CIV. P. 8(d)(2)–(3). To prevail on its claim for unjust enrichment, CRA need only prove that Grant Thornton received a benefit and that benefit was conferred by fraud, coercion, or request. *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132, 167 Cal. Rptr. 3d 832, 855 (2014). To prevail on its claim for conversion, CRA must only prove that (1) CTG owns or has a right to possession of some property, (2) Grant Thornton's conversion was by

a wrongful act or by disposition of property rights; and (3) CTG suffered damages as a result of Grant Thornton's conversion. *Lee v. Hanley*, 61 Cal. 4th 1225 (Cal. 2015). CRA may prove these claims without relying on its allegations of fraud, and it has alleged sufficient facts to rely on non-fraud averments to state a plausible claim for relief on these claims. *See* Pl.'s First Am. Compl. at 125–32. For example, CRA has pled that Grant Thornton received transfers from CTG for the benefit of other entities, including CTG Advanced Materials. First. Am. Compl. At ¶ 126. CTG has also pled that Grant Thornton's continued retention of these transfers is unjust because CTG did not receive reasonably equivalent value and the transfers were of CTG's assets. *Id.* at ¶ 33, 127. And, that Defendants acquired these benefits through abuse of control. *Id.* at ¶ 33, 44; Exs. 19, 23. Finally, CRA has pled that CRA suffered injury as a result of these transfers. *Id.* at ¶ 37–38, 132;

***Second***, to the extent that these claims are partially grounded in fraud, CRA need only satisfy the heightened pleading requirement for those facts. *See McGraw Co. v. Aegis Gen. Ins. Agency, Inc.*, No. 16-cv-00274-LB, 2016 U.S. Dist. LEXIS 91124, at *12 (N.D. Cal. July 13, 2016) (holding that when plaintiffs allege some fraudulent and some non-fraudulent conduct, "their fraud claims and allegations thus do not subject the whole complaint to Rule 9(b)'s heightened-pleading standard."). Moreover, for the same reasons discussed above, CRA has in fact plead with particularity the circumstances constituting fraud, thus satisfying the heightened pleading standard required by Federal Rule of Civil Procedure 9(b).

## **CONCLUSION**

For the foregoing reasons, CRA respectfully requests the Court deny Grant Thornton's Motion to Dismiss in its entirety, and for any other and further relief, at law or in equity, to which they are justly entitled. Further, in the event the Court grants Grant Thornton's Amended Motion to Dismiss, CRA respectfully requests further opportunity to amend and that such dismissal be without prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (holding that when dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Dated: January 2, 2019

Respectfully submitted,

*/s/*
Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian Orozco
California State Bar No. 285723
corozco@lynnllp.com
**Lynn Pinker Cox & Hurst, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

**Special Litigation Counsel for Corporate Recovery Associates, LLC, Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served upon all counsel of record by way of electronic filing this January 2, 2019.

                                         */s/ Christian A. Orozco*
                                         Christian A. Orozco