**BARNES & THORNBURG LLP**
PAUL J. LAURIN (SBN 136287)
paul.laurin@btlaw.com
JONATHAN J. BOUSTANI (SBN 274748)
jonathan.boustani@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: 310-284-3880
Facsimile: 310-284-3894

*Attorneys for CTG Advanced Materials, LLC
and CTS Corporation*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 9:16-bk-11912-DS |
| CHANNEL TECHNOLOGIES GROUP, LLC, | Chapter 11 |
| Debtor. | Adv. No. 9:18-ap-01058-DS |
| | |
| CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, | **NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS CTG ADVANCED MATERIALS, LLC AND CTS CORPORATION IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiff, | |
| v. | |
| BLUE WOLF CAPITAL PARTNERS, LLC, *et al.*, | Hearing: |
| Defendants. | Date:  February 6, 2019<br>Time:  10:30 a.m.<br>Place: Courtroom 201<br>            United States Bankruptcy Court<br>            1415 State Street<br>            Santa Barbara, California 93101 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, AND TO THE PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 6, 2019, at 10:30 a.m. in Courtroom 201 of the United States Bankruptcy Court, located at 1415 State Street, Santa Barbara, California 93101, Defendants CTG Advanced Materials, LLC ("CTGAM") and CTS Corporation ("CTS," and together with CTGAM, the "Defendants") will, and hereby do, move this Court (the "Motion") to dismiss the claims against them in the *First Amended Complaint for (1) Avoidance of Actual Fraudulent Transfers Under 11 U.S.C. §548(a)(1 )(A) and 550(a); (2) Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. § 548 (a)(l)(B); (3) Actual Fraud; (4) Constructive Fraud; (5) Unjust Enrichment; and (6) Conversion* [Dkt. No. 9] (the "Complaint") filed by Plaintiff Corporate Recovery Associates, LLC ("Plaintiff'), as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, the entity formed for the purpose of liquidating the estate of debtor Channel Technologies Group, LLC ("Debtor"). The Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure and made on the ground that Plaintiff has failed to allege facts necessary to plausibly state a claim for relief for avoidance and recovery of actual and constructively fraudulent transfers against Defendants.

The Complaint is flawed in that it provides no factual basis or guidance to support its claims against Defendants. Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") requires that, in alleging fraud, a party must state with particularity the circumstances constituting such fraud or mistake. To satisfy this standard, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013).

Rule 9(b) further applies to "particular averments of fraud" in state law claims, even where fraud is not an element of the claim. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003). Therefore, where a plaintiff alleges "a unified course of fraudulent conduct and

1   rel[ies] entirely on that course of conduct as the basis of a claim," that claim is said to be

2   "grounded in fraud" and must be plead with particularity. *Id.* at 1103–04.

3         In support of this Motion, the Defendants will rely on these moving papers, the attached

4   Memorandum of Points and Authorities, the pleadings and orders on file in this case, and such

5   other evidence and arguments of counsel as may be presented at or before the hearing on the

6   Motion.

7         **PLEASE TAKE FURTHER NOTICE** that pursuant to *Stern v. Marshall,* 131 S. Ct.

8   2594 (2011), and *Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency,*

9   *Inc.),* 702 F.3d 553 (9th Cir. 2012), the Defendants do not consent to entry of final orders or

10  judgment by the bankruptcy judge in this adversary proceeding, and hereby reserve Defendants'

11  right to withdraw the reference of this proceeding.

12        **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

13  1(f), any party that wishes to oppose the relief requested in the Motion must file not later than

14  fourteen (l4) days prior to the scheduled hearing date, with the Clerk of the Bankruptcy Court,

15  located at 1415 State Street, Santa Barbara, California 93101, and serve upon Defendants'

16  counsel, located at the address indicated on the upper left corner of the first page of this notice,

17  "[a] complete written statement of all reasons in opposition thereto . . ., declarations and copies

18  of all photographs and documentary evidence on which the responding party intends to rely and

19  any responding memorandum of points and authorities."

20        **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1

21  (h), failure to file and serve a timely response may be deemed consent to the relief requested in

22  the Motion.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

**WHEREFORE**, the Defendants respectfully request that the Court enter an order: (i) granting the Motion; (ii) dismissing the Defendants from this action without an opportunity for the Plaintiff to amend the Complaint; and (iii) granting such other and further relief as is just and proper under the circumstances.

Dated: January 7, 2019　　　　　　　　　　　　**BARNES & THORNBURG LLP**

　　　　　　　　　　　　　　　　　　　　　　　By: */s/ Jonathan J. Boustani*
　　　　　　　　　　　　　　　　　　　　　　　　　Paul J. Laurin
　　　　　　　　　　　　　　　　　　　　　　　　　Jonathan J. Boustani

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for CTG Advanced Materials, LLC and CTS Corporation*

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

Plaintiff commenced this adversary proceeding to recover alleged actual and constructive fraudulent transfers, naming multiple defendants as either recipients or beneficiaries of unknown assets. There are only three allegations in the Complaint relevant to CTS: (i) CTS is named at paragraph 15 of the Complaint and is identified merely as "a Delaware corporation, with its principal place of business in Lisle, Illinois"; (ii) paragraph 39 states that CTS acquired CTGAM around March 2016[1]; and (iii) paragraph 126 of the Complaint states, "In the alternative, in the event an alter ego determination is not made, Defendant[] . . . CTS Corporation . . . received transfers from CTG or benefits from CTG paying its liabilities." There is no further reference to CTS as a transferee or beneficiary of payments made by or from the Debtor. Exhibit B, which forms the basis for no less than four of the six claims against the Defendants, does not reference CTS at all.

Regarding CTGAM, paragraph 32 of the Complaint states that CTGAM was formed to hold the "H.C. Material assets." The Complaint then repeatedly refers to the sale of CTGAM to CTS. Notably, this sale of CTGAM to CTS is not referred to as a sale of property, but of CTGAM itself—this sale to CTS was a sale of the equity in CTGAM to CTS. (*See, e.g., Compl.* ¶¶ 39, 50, 54, 60, 70, 74, 79.) As with any equity sale, the proceeds of such sale were not paid to the entity being acquired (i.e., from CTS to CTGAM). Rather, the proceeds were paid to the equity holders of such entity. There is no allegation in the Complaint stating that CTGAM received any of these sale proceeds or that CTS paid any party other than equity holders for CTGAM.

After the conclusion of the sale of CTGAM's equity to CTS around March 2016, CTGAM had no further affiliation with the Debtor. Moreover, the purported bad actors

---

[1] CTS did not acquire the equity of CTGAM. For purposes of this Motion, we will assume that the allegations in the Complaint are correct and that CTS directly acquired the equity of CTGAM. In reality, CTS Electronic Components, Inc., an affiliate of CTS, acquired the equity of CTGAM in March 2016.

identified in the Complaint that defrauded the Debtor were no longer in control of CTGAM. Any alleged transfers from the Debtor for the benefit of CTGAM occurring after March 2016 would only have been for reasonably equivalent value and in the ordinary course of business. The Complaint does allege differing facts.

As to specific claims, it is unclear what claims, if any, are applicable to CTS.  Plaintiff asserts claims for avoidance of fraudulent transfers under 11 U.S.C. §§ 548(a)(1)(A), 550(a), and 548(a)(1)(B), and the California Fraudulent Transfer Act for both actual and constructive fraud, but each of these claims references transfers on Exhibit B to the Complaint.  None of the transfers in Exhibit B reference CTS.  There is no basis for CTS to be liable under any of these claims.  Plaintiff further asserts a claim, in the alternative, against CTS for unjust enrichment, alleging that CTS received benefits from the Debtor or benefits from the Debtor for paying its liabilities.  However, the Complaint does not identify any transfer or benefit received by CTS from the Debtor.  Finally, the Complaint includes a claim for conversion.  Again, the Complaint provides no explanation or detail as to what property of the Debtor CTS converted.  There is no basis for any liability of CTS under the Complaint.

Regarding the potential claims against CTGAM, the Complaint provides no factual bases or guidance to assist CTGAM (or CTS for that matter) in determining the bases of the six claims for relief alleged against it as one of multiple defendants into which CTGAM is lumped.  The Complaint does not provide any specifics about when alleged transfers were made, which is critical given the sale of CTGAM's equity in March 2016.  Aside from failing to state with particularity any facts relating to Defendants, Plaintiff has failed to identify the transferor of the alleged transfers, when the alleged transfers were made, how they were made, the benefits CTGAM allegedly received, whether the transfers were cash or other property, or any other information to support Plaintiff's claims sufficient to hold CTGAM liable.  The failure to provide such information renders the Complaint inadequate.  *Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013).

In sum, the Defendants at this time take no position with respect to the many allegations and accusations made against various other defendants named in the Complaint. Whatever the purported misconduct may or may not have been by other parties, it simply did not involve the Defendants. For these reasons and the reasons that follow, this Motion to Dismiss should be granted.

## II.     ARGUMENT

### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2006)). The Complaint must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 678. As the Supreme Court of the United States has instructed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Complaint must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

In addition, because the gravamen of the Complaint is purportedly fraudulent conduct, the Complaint is subject to the heightened pleading standard of Rule 9(b), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7009. FED. R. CIV. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). "A complaint alleging fraud meets the Rule 9(b) standard if it alleges the time, place, and content of the fraudulent statements, including reasons why the statements are false." *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1075 (E.D. Cal. 2006) (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), *rev'd on other grounds*, 60 F.3d 591 (9th Cir. 1995)); *Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013). The Ninth Circuit Court of Appeals has instructed that, in addition to satisfying the heightened pleading requirements for pleading sufficient facts when alleging fraudulent conduct,

a plaintiff must also satisfy the general pleading requirements of *Iqbal* and *Twombly*. Under these Supreme Court cases, the pleaded facts must show that the likelihood of liability crosses the line "from conceivable to plausible." *Twombly*, 550 U.S. at 570.

> **B.    The Motion Should Be Granted As To Each of the Six Claims for Relief Against Defendants.**
>
> **1.    The Actual Fraud Claims (Labeled "E" and "G" of Complaint).**

Fraud claims must state with specificity the particular circumstances constituting the intentional fraud, including "the who, what, when, where and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d at 1102–03. Accordingly, as noted above, the Complaint must set forth the specific facts upon which the Plaintiff's allegations or beliefs are based. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

In the present case, the claims labeled E (Avoidance of Actual Fraudulent Transfers, ¶¶ 87–96) and G (Violation of California Uniform Fraudulent Transfer Act [Actual Fraud], ¶¶ 107–115), allege that the "[the Debtor], through its officers, employees, and agents made the transfers and incurred the obligations specified in Exhibit B with the actual intent to hinder, delay and defraud [the Debtor]'s creditors." (¶¶ 91, 111.)  As to CTS, CTS is not referenced in Exhibit B. Without such reference, CTS cannot understand any potential liability or claim asserted by the Plaintiff against it.  Moreover, there is not a single operative allegation in the Complaint that sets forth the factual bases for the claim.  The Complaint alleges that the alleged "transfers or obligations were made or entered into after October 14, 2014. (¶¶ 90, 100, 110, 119].  However, Exhibit B states that CTGAM benefitted from transfers between December 3, 2012 and March 15, 2017.  Neither the Complaint nor Exhibit B identify specific dates or facts concerning the transfers identified in Exhibit B.  It is not clear how CTGAM could be considered a beneficiary other than to assume that because of the Complaint's labeling of CTGAM as a beneficiary, CTGAM is a beneficiary.

Clearly, the allegations in both claims provide nothing more than "a formulaic recitation of the elements of [the] cause of action." *Twombly,* 550 U.S. at 555.  The Plaintiff simply relies

upon "an unadorned, the-defendant-harmed-me accusation." *Id.* Under *Twombly* and *Iqbal*, such allegations fail to state a claim for relief and cannot survive a motion to dismiss.

Because the Complaint falls short of providing Defendants adequate notice as to the specific facts of any alleged actual fraud, the Complaint therefore does not satisfy the particularity requirements of Rule 9(b).

### 2. The Constructive Fraud Claims (Labeled "F" and "H" of the Complaint).

In addition to asserting actual fraud, the Complaint also alleges that the amorphous "transfers" to CTGAM[2] were constructively fraudulent under § 548(a)(l)(B) and the California Uniform Fraudulent Transfer Act. *(Compl.* ¶¶ 97–106, 116–124.) Plaintiff's constructive fraud claims are also subject to the particularity requirement under Rule 9(b), *Sacramento E.D.M., Inc. v. Hynes Aviation Industries, lnc.,* 965 F. Supp. 2d 1141, 1152 (E.D. Cal. 2013), and must be alleged with facts sufficient to apprise Defendants of the nature and circumstances of the misconduct charged. *See, e.g., Official Committee of Unsecured Creditors v. Blomen (In re Hydrogen, LLC),* 431 B.R. 337, 352 (S.D.N.Y. 2010) (dismissing claims under §548(a)(l)(B) because the complaint "sets forth little more than a formulaic recitation of the elements"). Plaintiff's claims for constructive fraud suffer the same infirmity as the actual fraud claims, including lack of any specificity that would elevate these claims to a right to relief above the speculative level. CTS is not referenced as a transferee or beneficiary under these claims. Based on the allegations in the Complaint, CTGAM has no understanding of how it is a beneficiary, for what amount, and for when.

### 3. The Unjust Enrichment Claim (Labeled "I" in the Complaint)

Like the claims for actual and constructive fraud, the unjust enrichment claim expressly incorporates and is based on the same conclusory allegations of alleged fraud and is likewise deficient. "[T]he Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess,* 317 F.3d at 1103 (citations omitted) (quotation marks omitted). State law claims which do not require a showing of fraud are still held to the

---

[2] Again, CTS is not referenced at all in Exhibit B as either a transferee or a beneficiary..

higher pleading standard of Rule 9(b) if they are based in or "sound in fraud." *Id.* at 1103–04. (citations omitted) (quotation marks omitted); *Maksoud v. Guelton,* No. 3:l7-cv-362-H-WVG, 2017 WL 2505887, at *6 (S.D. Cal. June 2017) (applying Rule 9(b) to unjust enrichment claim grounded in fraud).

Plaintiff's unjust enrichment claim is grounded in fraud and is thus subject to the heightened pleading standard of Rule 9(b). Like the underlying fraud claims, it fails to satisfy the required particularity standard of Rule 9(b) for the reasons discussed above. There is no allegation about how CTS received a benefit or was enriched. There are not enough details to help CTGAM understand how it is liable as a beneficiary. Accordingly, the unjust enrichment claim should be dismissed.

**4. The Conversion Claim (Erroneously Labeled "E" in the Complaint)**

As with the claim for unjust enrichment, the claim for conversion is based on allegations of fraud. The claim for conversion, which does not require a showing of fraud, is still held to the higher pleading standard of Rule 9(b) because it is based in or "sound[s] in fraud." *Vess,* 317 F.3d at 1103–04. (citations omitted) (quotation marks omitted); *Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1530 (9th Cir. 1995) (holding conversion claims involving "unspecified acts of mail and wire fraud fail[ ed] to meet the particularity requirement of Rule 9(b)").

Plaintiff's conversion claim incorporates by reference the prior allegations of the Complaint and is thus based on the same defective allegations of fraud. Moreover, the claim for conversion is based on the proceeds from the sale of CTGAM's equity to CTS. CTGAM never received these proceeds, and the Complaint never alleges so. CTS paid the proceeds, pursuant to contract, and the Complaint contains no allegation that CTS did so inappropriately. Again, it is not clear how such a claim can stand.

/ / /

/ / /

/ / /

/ / /

10

### III.　CONCLUSION

As set forth above, the Defendants respectfully request that the Court grant their Motion to Dismiss with respect to all of the causes of action against them (including without limitation, E, F, G, H, I and E) without leave to amend.

Dated: January 7, 2019　　　　　　　　　　　　　　**BARNES & THORNBURG LLP**

By: */s/ Jonathan J. Boustani*
　　Paul J. Laruin
　　Jonathan J. Boustani

　　*Attorneys for CTG Advanced Materials,*
　　*LLC and CTS Corporation*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Barnes & Thornburg, 2029 Century Park East, Suite 300, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS CTG ADVANCED MATERIALS, LLC AND CTS CORPORATION IN THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 7, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 7, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Deborah J. Saltzman**
**United States Bankruptcy Court**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1634**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2019 | Stephanie L. Moore | */s/ Stephanie L. Moore* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Tobias S Keller    tkeller@kellerbenvenutti.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- Christian A Orozco    , thooker@lynnllp.com
- Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

13819152v1