SKLAR KIRSH, LLP
Ian S. Landsberg, Esq. (SBN:137431)
ilandsberg@sklarkirsh.com
Lisa K. Skaist, Esq. (SBN: 130806)
lskaist@sklarkirsh.com
1880 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 845-6416
Facsimile: (310) 929-4469

Attorneys for Defendant
Grant Thornton LLP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br><br><br>Debtor.<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GRANT THORNTON, LLP,<br><br>Defendant. | Case No. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>Adv. No. Case No. 9:18-AP-01058-DS<br><br>**DEFENDANT GRANT THORNTON'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND CONSOLIDATE DEFENDANT GRANT THORNTON'S POST PETITION CLAIMS**<br><br>Date:     July 23, 2019<br>Time:    1:00 p.m.<br>Place:    Courtroom 201<br>            United States Bankruptcy Court<br>            1415 State Street<br>            Santa Barbara, CA 93101 |

SKLAR KIRSH, LLP
ATTORNEYS AT LAW

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Grant Thornton LLP ("Defendant") hereby submits the following Opposition ("Opposition") to the Motion to Sever and Consolidate ("Motion") filed by Corporate Recovery Associates, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC ("Plaintiff").

## I.    INTRODUCTION AND SUMMARY OF FACTS

Plaintiff has filed two separate adversary proceedings against Defendant. The first, (No. 9:18-AP-01058-DS), is the one in which Plaintiff has filed this Motion ("First Action"). The First Action sought: (1) Avoidance of Actual Fraudulent Transfers Under 11 U.S.C. §548(a)(1)(A) and 550(a); (2) Avoidance of Constructive Fraudulent Transfers Under 11 U.S.C. § 548 (a)(1)(B); (3) Actual Fraud; (4) Constructive Fraud; (5) Unjust Enrichment; and (6) Conversion. Plaintiff and the multiple defendants in the First Action filed motions to dismiss on the bases that Plaintiff failed to properly allege any fraud-based claims against the Defendants and failed to identify any specific dates for pre- or post-petition transfers. The Court granted the motions to dismiss the First Action, granting Plaintiff leave to amend by June 28, 2019.

On April 18, 2019, Plaintiff then filed its second adversary action (No. 9-19-ap-01019-DS) ("Second Action") to avoid and recover five allegedly unauthorized post-petition transfers to Defendant occurring on February 8, 2017, March 2, 2017, March 15, 2017, April 20, 2017 and April 26, 2017 pursuant to 11 U.S.C. §544(b)(1) and Cal.Civ.Code §3439.

On May 21, 2019 Defendant filed its motion to dismiss Plaintiff's Second Action on the basis that the Second Action is time-barred since three of the five transactions occurring on February 8, 2017, March 2, 2017, and March 15, 2017 were made more than two years before the Second Action was filed on April 18, 2019; the applicable statute of limitations allows two years from the date of the contested post-petition transfer.

On June 11, 2019, Plaintiff filed a first amended complaint in the Second Action. ("FAC".)

On June 18, 2019, Plaintiff filed the instant Motion to sever and consolidate the five post-

1 petition transfers that were never identified in the First Action with the Second Action that
2 belatedly alleged the post-petition transfers.

3 Then, on June 28, 2019, Plaintiff filed a second amended complaint ("SAC") in the First
4 Action identifying the same five post-petition payments allegedly made to Defendant on February
5 8, 2017, March 2, 2017, March 15, 2017, April 20, 2017 and April 26, 2017 *that it had failed to*
6 *identify in the First Action*. Per the Court's Order granting Defendant's motion to dismiss the
7 First Action, Defendant's response is due August 2, 2019. Note that none of these alleged
8 payments are alleged to have occurred before the October 2016 petition.

9 The instant Motion to sever and consolidate the post-petition claims of the First Action
10 with the Second Action is a back-door attempt for Plaintiff to circumvent the fact that the Second
11 Action against Defendant is time-barred, for the reasons stated in Defendant's Reply in support of
12 its motion to dismiss the Second Action. By the same token, the idea of severing and
13 consolidating the First Action with the Second Action seeks to sever claims that were not alleged
14 in the First Action when the Second Action was filed. The First Action deals with pre-petition
15 payments while the Second Action deals with post-petition payments. No claims for relief in the
16 First Action alleged post-petition payments. Despite Plaintiff's legal maneuvering, there is
17 nothing to sever.

18 Both the instant Motion to sever the post-petition payments from the First Action and
19 Defendant's Motion to Dismiss the Second Action are set for hearing on the same date.

20 **II.    ARGUMENT**

21     **A.    The Second Action Does Not Relate Back To The First Action.**

22 Plaintiff claims the Second Action relates back to the First Action because the First Action
23 "encompasses" the post-petition payments "through March 15, 2017" - the same post-petition
24 payments that are barred under the two-year statute of limitations in the Second Action. Plaintiff
25 touts the notions of "convenience and fairness" in support of its request that the Court sever the
26 three post-petition claims under Federal Rule of Civil Procedure 21. Neither convenience nor
27 fairness are served by granting this Motion. As demonstrated by the facts above, the Motion is
28 nothing but an attempt to manipulate Plaintiff's defectively plead claims so as to save the three

transfers that are time barred.

Significantly, Plaintiff disingenuously fails to advise the Court that the First Action never identified the three, time barred transfers at issue. It wasn't until after Defendant filed its Motion to Dismiss the Second Action based upon the statute of limitations on May 21, 2019 that Plaintiff concocted the notion of filing the Motion in a misguided attempt to piggy back its time barred claims onto the First Action. There is no reason to allow Plaintiff to misuse the judicial system to resuscitate its time barred claims. Any "overlap" between the First and Second Action is a fiction that the Court should not condone.

**B.    CONCLUSION**

For the reasons set forth herein and in Plaintiff's reply in support of its motion to dismiss the Second Action, Plaintiff's Motion to sever and consolidate should be denied. Plaintiff did not file the Second Action until April 18, 2019, after the bar date dictated by 11 U.S.C. section 549(d), two years after the February 8, March 2, and March 15, 2017 transactions. At the time Plaintiff filed this Motion, there was nothing to sever or consolidate; its First Action failed to identify any pre or post-petition transactions. It was not until Defendant advised Plaintiff that its claims were time barred did it employ the legal maneuvers to save its defective claims. Accordingly, the Court should deny the Motion.

DATED: July 9, 2019                    SKLAR KIRSH, LLP

By: _____
Ian Landsberg
Attorneys for Defendant Grant Thornton LLP

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: *1880 Century Park East, Suite 300, Los Angeles, California 90067.*

A true and correct copy of the foregoing document described as **"DEFENDANT GRANT THORNTON'S OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND CONSOLIDATE DEFENDANT GRANT THORNTON'S POST PETITION CLAIMS"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") (**Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 9, 2019**, checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Keith Patrick Banner**   kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- **Peter J Benvenutti**   pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- **Jonathan Boustani**   jboustani@btlaw.com
- **Cheryl S Chang**   Chang@Blankrome.com, Hno@BlankRome.com
- **Brian L Davidoff**   bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Edward J Dennis**   , eburch@lynnllp.com
- **Tobias S Keller**   tkeller@kellerbenvenutti.com
- **Andrew B Levin**   alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- **Christian A Orozco**   corozco@lynnllp.com, thooker@lynnllp.com;ejohnson@lynnllp.com
- **Christopher O Rivas**   crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Howard Steinberg**   steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **United States Trustee (ND)**   ustpregion16.nd.ecf@usdoj.gov

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 9, 2019**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**United States Bankruptcy Court**
**Central District of California**
**255 E. Temple Street, Suite 1634 / Courtroom 1639**
**Los Angeles, CA 90012**
**Honorable Deborah J. Saltzman**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *January 9, 2019* | Yesennia Alarcon | */s/ Yesennia Alarcon* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Sklar Kirsh, LLP
Attorneys at Law

5

GRANT THORNTON LLP'S  OPPOSITION TO PLAINTIFF'S MOTION TO SEVER AND CONSOLIDATE