Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian Orozco
California State Bar No. 285723
corozco@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

Special Litigation Counsel for
Plaintiff

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re | § | CASE NO. 9:18-AP-01058-DS |
| | § | |
| CHANNEL TECHNOLOGIES GROUP, LLC, | § | |
| *Debtor.* | § | |
| | § | |
| CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, | § § § § | PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND CONSOLIDATE GRANT THORNTON'S POST-PETITION CLAIMS |
| *Plaintiff,* | § | |
| v. | § | |
| BLUE WOLF CAPITAL PARTNERS, LLC, *et al.*, | § § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND
CONSOLIDATE GRANT THORNTON'S POST-PETITION CLAIMS**

For efficiency and to avoid confusion, Plaintiff Corporate Recovery Associates, LLC (the "Trustee")[1] seeks to consolidate the post-petition claims from October 2016 through March 2017 alleged against Defendant Grant Thornton, LLP's ("Grant Thornton")  in *Corporate Recover Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Blue Wolf Capital Partners, LLC, et al.*, 9:18-AP-01058-DS ("Blue Wolf Matter") with the post-petition claims in April 2017 alleged against Defendant Grant Thornton in *Corporate Recovery Associates, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC v. Grant Thornton, LLP*, 9:19-AP-01019-DS ("Post-Petition Matter").  The Court should grant this Motion because (1) these claims are suited for consolidation and (2) Defendant Grant Thornton, LLP's ("Grant Thornton") will not incur any prejudice with the consolidation.

***First***, the Court should sever and consolidate the post-petition claims against Grant Thornton in the Blue Wolf Matter with the stand-alone Post-Petition Matter. Federal Rule of Civil Procedure 42 is made applicable to adversary proceedings by Bankruptcy Rule 7042. *See In re de la Salle*, 461 B.R. 593, 603 (B.A.P. 9th Cir. 2011). "Civil Rule 42(a), which is made applicable to bankruptcy proceedings by Rule 7042, allows the court to consolidate various actions pending before it which involve[ ] a common question of law or fact . . . ." *Id.* (quotation omitted).  This Court has broad discretion to sever claims and consolidate cases. *See United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977) (noting that court has broad discretion for severing claims); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (noting that court has broad discretion for consolidating cases).

Both the Blue Wolf Matter and Post-Petition Matter address a common question of law ***and*** fact: whether Grant Thornton provided services—in a post-

---

[1] The Trustee brings this action solely in its capacity as Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND
CONSOLIDATE GRANT THORNTON'S POST-PETITION CLAIMS**                                                  **PAGE 2**

petition context—to parties other than the Debtor even though the Debtor paid for those services without authorization from this Court? In other words, "all of the claims are based on the same alleged misrepresentations and omissions." *See Takeda v. Turbodyne Techs.*, Inc., 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

**Second**, while Grant Thornton opposes the severance and consolidation of these post-petition claims and asserts that it will suffer prejudice in its response, it does not cite a single case to support its position or identify any actual prejudice. *See* Def. Grant Thornton's Opp'n to Pl.'s Mot. to Sever & Consolidate, July 10, 2019, ECF No. 160. Grant Thornton argues "[s]ignificantly, Plaintiff disingenuously fails to advise the Court that the First Action never identified the three, time barred transfers at issue."[2] That statement is misleading. There is no dispute that the original Complaint (and each amendment) in the Blue Wolf Matter has asserted claims for post-petition transfers against Grant Thornton through March 15, 2017 because the Complaint says exactly that:[3]

|    | **Dates** | **Total Amount** | **Received Transfers** | **Beneficiary** |
|----|-----------|------------------|------------------------|-----------------|
| 1. | 1/25/2013–3/15/2017 | $1,105,115.85 | Grant Thornton, LLP | Blue Wolf Entities; CTG Advanced Materials, LLC |

Original Compl. Ex. B, Oct. 12, 2018, ECF No. 1. There is no dispute that the Plaintiff timely asserted its avoidance claims for transfers to Grant Thornton through March 2017 in the Blue Wolf Matter. There is also no dispute that the Plaintiff timely asserted its avoidance action for transfers made in April 2017 in the Post-Petition Matter. While the Plaintiff could pursue the October to March claims in the Blue

---

[2] Def. Grant Thornton's Opp'n to Pl.'s Mot. to Sever & Consolidate 4, July 10, 2019, ECF No. 160.
[3] The Trustee explains in greater detail why these transactions are not time-barred in its response to Defendant's Motion to Dismiss. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, 9:19-AP-01019-DS, June 11, 2019, ECF No. 11.

Wolf Matter and the April claims in the Post-Petition Matter, it just makes sense to deal with them in one matter, especially as the Grant-Thornton post-petition claims are the only post-petition claims alleged in the Blue Wolf Matter and are not at all related to or dependent upon the alter ego claims. While the relation-back doctrine is not needed to sever and consolidate these claims, the post-petition claims would meet that test. The standard for relation-back to the original complaint is if the new claim arises from the same "conduct, transaction, or occurrence" as the original claim. *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (citation omitted). The Court will find a link when "the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Id.* (citation omitted). In this case, it is exactly the same conduct a transfer by the debtor to Grant Thornton for work done to benefit non-debtors without approval by this Court to make those professional payments. The exact same proof will apply to the March payments as to the April payments a few weeks later. Accordingly, these post-petition claims would relate back to the filing date of the Original Complaint in any event.

"To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox*, 136 F. Supp. 3d at 1162. No delay or confusion arises as "[b]oth cases are at the early stage of litigation, which facilitates consolidation . . . ." *See Newmark v. Turner Broad. Network*, 226 F. Supp. 2d 1215, 1223 (C.D. Cal. 2002).

The Trustee has brought this motion in order to move this litigation along in an efficient and practical manner by consolidating the post-petition claims against Grant Thornton and separating those unrelated claims from the remainder of the pre-petition avoidance actions alleged in the Blue Wolf Matter. "A court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored." *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (citation omitted). Accordingly, Plaintiff asks that the Court

exercise that discretion to sever from the Blue Wolf Matter the claims alleged in the Second Amended Complaint for post-petition payments from October 14, 2016, through March 15, 2017, and consolidated into the Post-Petition Matter.

Dated: July 16, 2019

                Respectfully submitted,

                _____
                Edward Jason Dennis
                jdennis@lynnllp.com
                Samuel B. Hardy
                shardy@lynnllp.com
                Christian Orozco
                California State Bar No. 285723
                corozco@lynnllp.com
                **Lynn Pinker Cox & Hurst, LLP**
                2100 Ross Avenue, Suite 2700
                Dallas, Texas 75201
                (214) 981-3800 - Telephone
                (214) 981-3839 - Facsimile

                **Special Litigation Counsel for Corporate Recovery Associates, LLC, Trustee for the Liquidating Trust of Debtor Channel Technologies Group, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served upon all counsel of record by way of electronic filing this July 16, 2019.

                                                */s/ Christian A. Orozco*
                                                Christian A. Orozco