DAVID A. TAYLOR (S.B. NO. 247433)
**TAYLOR STRATEGIC PC**
411 Borel Ave., Suite 310
San Mateo, CA 94402
TELEPHONE: (650) 398-7660
EMAIL: david@taylorstrategic.com

TOBIAS S. KELLER (S.B. NO. 151446)
**KELLER & BENVENUTTI LLP**
650 California Street, Suite 1900
San Francisco, CA 94108
TELEPHONE: (415) 796-0709
EMAIL: tkeller@kellerbenvenutti.com

Attorneys for Electro Optical Industries, Inc.,
f/k/a HGH Infrared Systems, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, INC.,<br><br>      Debtor.<br><br>———————————————————<br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>      Plaintiff,<br><br>      v.<br><br>BLUE WOLF CAPITAL PARTNERS, LLC, *et al.*,<br><br>      Defendants. | Case No. 9:18-AP-01058-DS<br><br>**DEFENDANT ELECTRO OPTICAL INDUSTRIES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br><u>**Hearing on Motion to Dismiss**</u><br>**Date: September 10, 2019**<br>**Time: 1:00 p.m.**<br>**Place: Courtroom 1639** |

<u>**REPLY IN SUPPORT OF MOTION TO DISMISS**</u>

**I.    INTRODUCTION**

The Trustee's Opposition does not dispute the fundamental point: all of the transfers that its Second Amended Complaint ("SAC") seeks to void pre-date the existence of movant Electro

---

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Optical Industries, Inc. ("EOI, Inc."), f/k/a HGH Infrared Systems, Inc. ("HGH").  Instead, the Opposition abandons the SAC and pivots to a new argument: that EOI, Inc. is liable as a successor to EOI, LLC—which was a solvent, non-debtor subsidiary of Channel Technologies Group ("CTG" or "Debtor") during the period of the challenged transfers.  That is nonsense.  HGH purchased EOI, LLC's assets for fair value in June 2016, after a sustained and competitive marketing process.  The sale did not involve any assets of the Debtor's estate (*i.e.*, EOI, LLC sold its assets, not the Debtor's), and nothing is pleaded to suggest a fraudulent transfer or a *de facto* merger.  The Trustee has not pled successor liability—the SAC neither mentions the doctrine nor alleges facts sufficient to establish its elements—and that failure is the basis for dismissal under Fed. R. Civ. P. 12(b)(6).  The dismissal should be with prejudice both because (a) based on the record established in the SAC, amendment would be futile, and (b) pleading a totally new theory (*i.e.*, the Debtor has third-party claims against EOI, Inc. on successor liability grounds) is now time-barred.

As for the Trustee's argument that the motion to dismiss was somehow untimely: it is both wrong and irrelevant.  A motion to dismiss at this stage is perfectly permissible.  And even if it were not, such that EOI, Inc.'s motion to dismiss were considered one for judgment on the pleadings, the same result would obtain—dismissal of the Trustee's claims against EOI, Inc.

**II.    ARGUMENT**

The SAC does not mention the doctrine of successor liability, much less plead its elements.  Nor does the SAC plead the basis for any underlying liability of EOI, LLC—so, even if the doctrine had been properly invoked, there would be no liability for EOI, Inc. take on by succession.  The SAC fails to state a claim and should be dismissed.

**A.    The SAC Does Not Plead Successor Liability.**

The Trustee proclaims in its Opposition—for the first time—that as a result of EOI, LLC's June 2016 sale of assets to HGH, "EOI, Inc., is EOI, LLC's successor under the law."  Opp. at 9.  This claim is nowhere to be found in the 74-page SAC, which devotes a mere two sentences to

2

**REPLY IN SUPPORT OF MOTION TO DISMISS**

the transaction. It alleges a "sale of Electro-Optical Industries[1] to a 'foreign interest,'" SAC ¶ 45, and then briefly expands: "Blue Wolf sealed CTG's fate by selling one of its most valuable subsidiaries, Electro Optical Industries, at a cut-rate price in June 2016 to keep CTG from being forced to file bankruptcy for a couple more months," SAC ¶ 47. Yet the record is clear that the Debtor's non-debtor subsidiary, EOI, LLC, *was never sold*. There is no mention of the asset sale to HGH, the nature of the sale process, or the price. There is no allegation regarding HGH's name change to "Electro Optical Industries, Inc.," or about that entity's line of business. There is no plea that the sale should be voided, or even a legal theory by which the Trustee might set aside the asset sale of its non-debtor subsidiary. Indeed, there is no suggestion that the sale was a fraudulent transfer or a *de facto* merger, or that the elements of either theory are present. There is, in other words, no claim for successor liability.

Any notion that the Trustee has properly pled a fraudulent transfer is further belied by the fact that the SAC specifies, in Schedule B, *all* of the transfers that it alleges were fraudulent—and HGH's transaction with EOI, LLC (a non-debtor) *is not among them*. *See* SAC Sched. B. As for *de facto* merger, the SAC does not address any of the factors that courts in this District use to determine whether that rare doctrine applies to a Delaware corporation's asset purchase:

> (1) was adequate consideration received and held by the transferor corporation in exchange for the assets that were transferred; (2) did the asset transfer comply with the statute governing such an asset sale; (3) were creditors or stockholders injured by a failure to comply with the statute governing an asset sale; and (4) was the sale designed to disadvantage shareholders or creditors?

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*, Case No. 2:10-CV-0302 MRP (MANx), at *8

---

[1] As noted in the Motion, this characterization is inaccurate: HGH purchased the assets of EOI, LLC, not the entity itself. *See* Mot. at 2. This fact is made plain by the EOI, Inc. charter (a document that can routinely be judicially noticed) and the Asset Purchase Agreement (which was incorporated by reference into the SAC and cannot reasonably be disputed as to authenticity). *See* Request for Judicial Notice at 2-3 & Scopatz Decl. Exs. A-B; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

1  (C.D. Cal. Apr. 20, 2011).[2] Without an allegation that the value of the assets sold by EOI, LLC

2  exceeded the consideration it received, that the sale violated a Delaware statute, or that the sale

3  was intended to or did cause injury to EOI, LLC's creditors or stockholders, the SAC cannot

4  state a *de facto* merger claim. *See id.* (granting motion to dismiss *de facto* merger claims where

5  complaint failed to allege elements above).

6  Finally, it is black letter law that courts in this Circuit do not consider materials

7  introduced for the first time as exhibits to an opposition to a motion to dismiss. *See Schneider v.*

8  *Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (stating that allegations in an

9  opposition brief "are irrelevant for Rule 12(b)(6) purposes" and that "[i]n determining the

10  propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's

11  moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"). The

12  Trustee's effort to augment the factual allegations of the SAC through exhibits to the Opposition,

13  therefore, must be rejected.

14  **B.    The SAC Fails to Plead Any Underlying Liability of EOI, LLC.**

15  The Opposition is silent on a second dispositive deficiency in the SAC: it does not state a

16  claim for any underlying liability of EOI, LLC. For an avoided transfer to be recoverable from

17  an alleged beneficiary, the Trustee must show that "the debtor [was] motivated by an intent to

18  benefit the individual or entity from whom the trustee seeks to recover." *Danning v. Miller* (*In*

19  *re Bullion Reserve of North America*), 922 F.2d 544, 547 (9th Cir. 1991) (quotation marks and

20  citation omitted). As EOI, Inc.'s motion explained, the SAC merely asserts, without explanation

21  or support, that EOI, LLC was a beneficiary of the Debtor's partial repayment of certain loans on

22  which EOI, LLC was a co-borrower. Mot. at 5. The Trustee does not contend that CTG

---

[2] As the *Me. State* court explained, "because the issue of whether an asset transfer constitutes a *de facto* merger is peculiar to corporations, Delaware law applies." *Id.* But the same result would obtain under California law, which considers: "(1) was the consideration paid for the assets solely stock of the purchaser or its parent; (2) did the purchaser continue the same enterprise after the sale; (3) did the shareholders of the seller become shareholders of the purchaser; (4) did the seller liquidate; and (5) did the buyer assume the liabilities necessary to carry on the business of the seller?" *Id.* (citing *Marks v. Minn. Mining & Mfg. Co.*, 187 Cal. App. 3d 1429, 1436-38 (1986)). The SAC does not address these factors, either.

4

**REPLY IN SUPPORT OF MOTION TO DISMISS**

intended to benefit EOI, LLC with its loan repayments, which is a required element. *See Danning*, 922 F.2d at 547 ("It is not enough that an entity benefit from the transfer; the transfer must have been *made for his benefit*." (quotation marks and citation omitted) (emphasis in original)). Moreover, because EOI, LLC was a wholly-owned subsidiary of CTG, any "benefit" realized by EOI, LLC, a solvent non-debtor, would have been realized by CTG as its equity owner. The Opposition fails to address these points. With no claim for liability of EOI, LLC, there can be no claim for liability of EOI, Inc. as its alleged successor.

### C. The SAC Can Be Dismissed Under Either Rule 12(b)(6) or Rule 12(c).

"As a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint supercedes the original, the latter being treated thereafter as nonexistent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). It is therefore proper for EOI, Inc. to move under Rule 12(b)(6) to dismiss the SAC after having answered the now-nonexistent First Amended Complaint ("FAC").[3] Indeed, it is especially appropriate here, where the SAC substantially broadens the scope of the transfers the Trustee is disputing. *Compare* FAC Ex. B *with* SAC Sched. B. Contrary to the Opposition's assertion that the SAC merely provides more detail, the SAC's Schedule B makes clear that the new complaint expands upon the substantive allegations from the FAC. This fact also distinguishes *Brain Life*—the extra-jurisdictional case on which the Trustee chiefly relies— which involved an amended complaint with allegations against the relevant defendant that "remained the same" as those in the original complaint. *Brain Life, LLC v. Elekta Inc.*, No. 10cv1539-LAB (BGS), at *3 (S.D. Cal. Jan. 3, 2012).

Moreover, "failure to state a claim is a nonwaivable defect and can be raised any time." *Miller v. Fuhu*, No. 2:14-cv-06119-CAS(ASx), at ¶ 29 (C.D. Cal. May 4, 2015) (internal quotation marks and citation omitted). Accordingly, even if the motion to dismiss were somehow untimely, EOI, Inc.'s argument that the SAC fails to state a claim can still be reviewed, as a Rule 12(c) motion for judgment on the pleadings. *See id.* at ¶¶ 31-32 (motion to dismiss

---

[3] "Failure to state a claim" was an affirmative defense in EOI, Inc's Answer. Doc. 52 at 19.

5

**REPLY IN SUPPORT OF MOTION TO DISMISS**

1  filed after answer reviewable under either Rule 12(b)(6) or Rule 12(c)); *see also Dworkin v.*
2  *Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between
3  motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.  Because the motions
4  are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies
5  to its Rule 12(c) analog.").

      **D.**     **Dismissal Should Be with Prejudice.**

7  Through three iterations of its complaint, the Trustee has not managed to articulate a
8  coherent theory of liability of EOI, Inc.  This is despite the fact that EOI, Inc. provided the
9  Trustee with extensive factual information both in its Answer to the FAC and in an April 2019
10  letter that explained the nature of the HGH-EOI, LLC asset transaction.  The Trustee has
11  persisted notwithstanding the clear flaws in its clams, and has burdened an innocent company
12  with the expense of responding to them.  The haphazard approach of its Opposition merely
13  reinforces the propriety of dismissal with prejudice.  *See DCD Programs, Ltd. v. Leighton*, 833
14  F.2d 183, 186 (9th Cir. 1987) (factors counseling against leave to amend include "bad faith,
15  undue delay, prejudice to the opposing party, and futility of amendment").

16  Moreover, even if the Trustee could make a claim for avoidance of a transaction that is
17  not identified in the SAC—which it most decidedly has not to date—the two-year limitations
18  period to bring such an action has long since passed.  11 U.S.C. §546(a).  As the asset sale was
19  an entirely different transaction from any of those identified in the SAC, a claim based on it
20  would not relate back to the instant action.  *See* Fed. R. Bankr. P. 7015, *incorporating by*
21  *reference* Fed. R. Civ. P. 15(c) (limiting relation back to claims "that arose out of the conduct,
22  transaction, or occurrence set out" in the original pleading).

**III.**    **CONCLUSION**

24  For the reasons stated, the Court should dismiss all claims against EOI, Inc., without leave
25  to amend.

**6**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Dated: September 3, 2019				TAYLOR STRATEGIC PC

							KELLER & BENVENUTTI LLP

							By:	/s/ David A. Taylor
								David A. Taylor

							Attorneys for Electro Optical Industries, Inc., f/k/a
							HGH Infrared Systems, Inc.

7

**REPLY IN SUPPORT OF MOTION TO DISMISS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Taylor Strategic PC, 411 Borel Ave., Suite 310, San Mateo, CA 94402

A true and correct copy of the foregoing document entitled (*specify*): Defendant Electro Optical Industries, Inc.'s Reply in Support of Motion to Dismiss the Second Amended Comlaint
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/03/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/03/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Deborah J. Saltzman
United States Bankruptcy Court, Roybal Federal Building
255 E. Temple St., Suite 1634
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/03/2019 | David A. Taylor | /s/ David A. Taylor |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE DOCUMENT**

**ATTACHMENT PAGE**

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Keith Patrick Banner (kbanner@greenbergglusker.com, sharper@greenbergglusker.com, calendar@greenbergglusker.com)
- Peter J. Benvenutti (pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com)
- Jonathan Boustani (jboustani@btlaw.com)
- Cheryl S. Chang (chang@blankrome.com, hno@blankrome.com)
- Brian L. Davidoff (bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com, jking@greenbergglusker.com)
- Edward J. Dennis (eburch@lynnllp.com)
- Craig N. Haring (charing@blankrome.com, arc@blankrome.com)
- Tobias S. Keller (tkeller@kellerbenvenutti.com)
- Ian Landsberg (ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com, yalarcon@sklarkirsh.com, mmadden@sklarkirsh.com, ilandsberg@ecf.inforuptcy.com)
- Andrew B. Levin (alevin@wcghlaw.com, meir@virtualparalegalservices.com, pj@wcghlaw.com, jmartinez@wcghlaw.com)
- Christian A. Orozco (corozco@lynnllp.com, thooker@lynnllp.com, ejohnson@lynnllp.com)
- Christopher O. Rivas (crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com)
- Howard Steinberg (steinbergh@gtlaw.com, pearsallt@gtlaw.com, laik@gtlaw.com)
- United States Trustee (ND) (ustpregion16.nd.ecf@usdoj.gov)