BRIAN L. DAVIDOFF (SBN 102654)
bdavidoff@greenbergglusker.com
KEITH PATRICK BANNER (SBN 259502)
kbanner@greenbergglusker.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
(310) 553 3610

DOUGLAS R. GOODING (BBO#: 558976)
dgooding@choate.com
JONATHAN D. MARSHALL (BBO#: 680723)
jmarshall@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Attorneys For: Defendants
FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE
CAPITAL II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP,
AND AVANTE MEZZANINE PARTNERS II, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>            Debtor.<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, As Trustee For The Liquidating Trust Of Channel Technologies Group, LLC,<br><br>            Plaintiff,<br><br>  vs. | CASE NO. 9:16-BK-11912-DS<br><br>CHAPTER 11<br><br>CASE NO. 9:18-AP-01058-DS<br><br>**REPLY OF DEFENDANTS FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE PARTNERS II, INC. IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**HEARING**<br>DATE    SEPTEMBER 10, 2019<br>TIME:   1:00 P.M.<br>PLACE: COURTROOM 1639<br>               255 E. TEMPLE STREET<br>               LOS ANGELES, CA 90012 |

| | |
|---|---|
| BLUE WOLF CAPITAL PARTNERS, LLC, BLUE WOLF CAPITAL FUND II, L.P., GLADSTONE INVESTMENT CORPORATION, BLUE WOLF CAPITAL ADVISORS L.P., BW PIEZO HOLDINGS, LLC, FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE PARTNERS II, INC., PENGDI HAN, DHAN, LLC, GRANT THORNTON, LLP, CTG ADVANCED MATERIALS, LLC, CTS CORPORATION, ELECTRO OPTICAL INDUSTRIES, | |
| Defendants. | |

Defendants Fidus Investment Corporation, Fidus Mezzanine Capital II, L.P., Avante Mezzanine Partners SBIC, LP, and Avante Mezzanine Partners II, Inc., (collectively, the "**Second Lien Lenders**") respectfully submit this reply (the "**Reply**") to the *Plaintiff's Response to Defendants Fidus Investment Corporation, Fidus Mezzanine Capital II, L.P., Avante Mezzanine Partners SBIC, LP, Avante Mezzanine Partners II, Inc.'s Motion to Dismiss Second Amended Complaint* (the "**Response**") filed by Plaintiff Corporate Recovery Associates, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC ("**Plaintiff**" or the "**Trustee**").[1] For the reasons explained in the Motion to Dismiss and as further set forth in this Reply memorandum, all counts against the Second Lien Lenders should be dismissed with prejudice. In support of the Reply, the Second Lien Lenders respectfully state as follows:

**I.    The Trustee Fails To Assert Viable Claims Against The Second Lien Lenders For Repayment Of The Secured Loan Because Repayment Was Made With The Proceeds Of The Sale Of A Non-Debtor Entity And Did Not Involve Property Of The Debtor, <u>And In Exchange, The Second Lien Lenders Extinguished Antecedent Secured Debt</u>.**

The Trustee's avoidance claims fail on their face because the Transfers were not of "an interest of the debtor in property," a requirement that must be met in order to state a claim for

---

[1] Capitalized terms used herein yet otherwise undefined shall have the meanings ascribed to them in the *Motion of Defendants Fidus Investment Corporation, Fidus Mezzanine Capital II, L.P., Avante Mezzanine Partners SBIC, LP, Avante Mezzanine Partners II, Inc. to Dismiss the Second Amended Complaint* (the "**Motion to Dismiss**") [Docket No. 177].

avoidance under Bankruptcy Code Sections 544, 547, and 548. *See* 11 U.S.C. §§ 544(a), 547(b), 548(a)(1). With respect to the sale of non-debtor CTG Advanced Materials, the proceeds of which were used repay the Secured Loan, such sale proceeds never became property of the Debtor. The Trustee accepts this point in its papers. *See, e.g.*, Response, p.4. The Trustee, therefore, cannot meet its burden under Sections 544, 547, and 548 because it cannot establish that the Debtor had an interest in the proceeds transferred to repay the Secured Loan. *See Spear v. Global Forest Prods. (In re Heddings Lumber & Bldg. Supply)*, 228 B.R. 727, 730 (B.A.P. 9th Cir. 1998) (upholding dismissal of claim to avoid transfer because "it was not established that the Debtor owned the funds" being transferred).[2]

Additionally, contrary to the Trustee's assertions, the Debtor received value on account of the Transfers. In its Response, the Trustee states, incorrectly, that the Debtor did not receive any value from the repayment of the Secured Loan and that "[t]he Mezzanine Lenders['] untenable, contradictory positions are in full display when it argues in its Motion to Dismiss both that the Debtor has not established that the Debtor is entitled to the proceeds of the sale of AM and that the loan payments made by the Debtor to the Mezzanine Lenders are in satisfaction of a loan to the Debtor to acquire AM." Response, p.17. This contention, however, mistakenly confuses the concept of value in the context of secured obligations. "Value" includes the "satisfaction or securing of a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2)(A). "The debtor receives value simply by securing a debt. The collateral makes the loan possible; the value received by the debtor is access to the loan proceeds; in the same sense, the value received by a debtor who satisfies an antecedent debt is the proceeds of the loan." *Anand v. Nat'l Republic Bank*, 239 B.R. 511, 517-18 (N.D. Ill. 1999). Here, the proceeds of the Secured Loan itself constitute value. *See id*. Additionally, by virtue of its status as a borrower under the loan agreement, the Debtor was an obligor, and the extinguishing of an obligation or guarantee under a loan agreement also constitutes

---

[2] CTG made payments to the Second Lien Lenders on account of principal, interest and fees owing to the Second Lien Lenders pursuant to the terms of the loan agreement (the "**Regular Loan Payments**"). As discussed further in the Motion to Dismiss, these Regular Loan Payments are not subject to avoidance because, among other reasons, the Trustee has failed to sufficiently plead insolvency as required under Bankruptcy Code Sections 547 and 548.

1 value. *See, e.g.*, *Harker v. Center Motors, Inc. (In re Gerdes)*, 246 B.R. 311, 315 (Bankr. S.D. Ohio 2000) (debtor's avoidance of liability met reasonably equivalent value requirement); *In re Cavalier Homes of Georgia, Inc.*, 102 B.R. 878, 886 (Bankr. M.D. Ga. 1989) (reduction of debtor's contingent liability on a guaranty found to have constituted transfer on account of an antecedent debt and additionally to have been reasonably equivalent value). Therefore, the Trustee fails to carry its burden to establish *prima facie* avoidance claims.

**II.     In The Alternative, The Trustee Fails To Assert Viable Claims Against The Second Lien Lenders Under Its Alter Ego Theory Because, By Virtue Of The Alter Ego Entities' Shared Liabilities, Repayment Of The Secured Loan Was In Satisfaction Of <u>An Antecedent Debt</u>.**

The Trustee's Response rehashes similar conclusory allegations and legal conclusions made in its Amended Complaint, namely, that the Debtor, CTG Advanced Materials, and BW Piezo operated as alter egos of one another and "[d]uring this time, the Debtor owned the assets, including through its alter egos." Response, p.9. Although the Second Lien Lenders have no reason to believe the Debtor co-mingled its assets, assuming, *arguendo*, that such co-mingling did occur, the entities co-mingled liabilities as well. Therefore, the Regular Loan Payments and the repayment of the Secured Loan on behalf of the alter ego entities constituted repayment of an antecedent debt. As discussed herein and in the Motion to Dismiss, repayment of a secured obligation is a transfer made in satisfaction of an antecedent debt and does not constitute an avoidable transfer. *See, e.g.*, *Kapila v. Integra Bank, N.A. (In re Pearlman)*, Case No. 6:07-bk-00761-KSJ, 2011 Bankr. LEXIS 1740, at *14-15 (Bankr. M.D. Fla. April 26, 2011) ("[L]oan repayments on a present or antecedent debt normally constitute reasonably equivalent value to debtors because the debtors in exchange receive a reduction in the principal and interest of their loan by an equal amount.") (internal quotations omitted); *Pereira v. Dow Chem. Co. (In re Trace Int'l Holdings, Inc.)*, 287 B.R. 98, 110 (Bankr. S.D.N.Y. 2002) ("Payment of antecedent debt…constitute[s] sufficient consideration."). Therefore, even if this Court were to apply the Debtor's alter ego theory, because the payments made to the

///
///
///

Second Lien Lenders were in satisfaction of a debt owed to the Second Lien Lenders either by the Debtor or on behalf of the alleged alter ego enterprise, the payments are not subject to avoidance.[3]

### III. The Second Lien Lenders Have Perfected Security Interests And Judicial Notice Of The UCC Financing Statements Is Appropriate Because They Are Public Records.

The Trustee's objections to the Second Lien Lenders' requests for judicial notice are a red herring. It is axiomatic that judicial notice applies to public records, such as UCC financing statements. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintballs, Inc.*, Case No. 14-cv-04050-MEJ, 2017 U.S. Dist. LEXIS 25668, at *16 (N.D. Cal. Feb. 23, 2017) ("Because these UCC financing statements are public records, the Court grants the [request for judicial notice] as to them."); *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1092 (N.D. Cal. 2014) (taking judicial notice of UCC financing statement); *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016) (finding it appropriate to take judicial notice of filings with the California Secretary of State; noting that "[w]hile plaintiff asserts that these filings 'do not appear to be authentic,' plaintiff gives no reason why the documents appear inauthentic") (internal citations omitted); *United States v. Perkins*, Civil No. Civ. 2:06-CV-00249-LKK-DAD, 2007 U.S. Dist. LEXIS 8517, at *5 n.2 (E.D. Cal. Jan. 18, 2007) ("The Court takes judicial notice of the contents of the UCC Financing Statement.") (citing *Lee v. Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that judicial notice may be taken of public records)).

The Trustee's attempts to even advance the argument that the Second Lien Lenders' liens are not perfected (an argument the Trustee failed to raise in its Original Complaint) expose the Amended Complaint for its shortcomings: the Trustee cannot assert viable claims against the Second Lien

---

[3] There is also no support for the Trustee's contention that "because the entities were alter egos…legal dominion and control of the assets underlying the Alter Ego Transfers, including the Payoff and Equity Distributions did not transfer until March 2016…[t]hus, the Payoff and Equity Distribution transfers are initial transfers." Response, p.9. Even if the Trustee did adequately allege a basis for an alter ego determination (which, again, the Second Lien Lenders do not believe one exists), entities do not lose their separate identities under all circumstances in perpetuity. *See Grant v. Weatherholt*, 123 Cal. App. 2d 34, 49 (Cal. App. Feb. 3, 1954) (fact that an "entity has been disregarded for some purpose does not warrant its being disregarded for all purposes"). The Trustee's Response also ignores that value for the purposes of a Section 550(b) defense includes value given to the transferee's transferor, and is not limited to value given to the debtor. *See Bonded Fin. Servs. v. European Am. Bank*, 838 F.2d 890, 897 (7th Cir. 1988); *Grochocinski v. Knippen (In re Knippen)*, 355 B.R. 710, 729 (Bankr. N.D. Ill. 2016).

Lenders, and has therefore resorted to throwing all possible claims against a wall hoping one of them will stick. This does not mean the Trustee is permitted to manufacture its own facts about the authenticity of the UCC financing statements in order to shore up its argument.[4] The Second Lien Lenders' UCC financing statements clearly show that they perfected their security interests. The Trustee's avoidance claims therefore fail because, as explained by the Second Lien Lenders in the Motion to Dismiss, any sums repaid pursuant to a secured loan agreement cannot be avoidable transfers as a matter of law. *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mortg. Co.)*, 471 F.3d 977, 1008 (9th Cir. 2006) ("[R]epayments of fully secured obligations – where a transfer results in a dollar for dollar reduction in the debtor's liability – do not hinder, delay, or defraud creditors because the transfers do not put assets otherwise available in a bankruptcy distribution out of their reach.").

## **CONCLUSION**

For the reasons set forth herein, Second Lien Lenders respectfully request that the Motion to Dismiss be granted and that the Plaintiff not be granted leave to amend the Amended Complaint with respect to the Second Lien Lenders.

///
///
///
///
///
///
///

---

[4] If the Trustee failed to discover certain UCC financing statements through its search methods, that does not mean they do not exist. Under Article 9, a filing office must maintain a record of a financing statement for at least one year following the lapse of the effectiveness of a financing statement. UCC section 9-522(a); *see also* International Association of Commercial Administrators, Secured Transactions Section, Uniform Commercial Code, Article 9, Model Administrative Rules (2018 ed.), Rule 313. Thereafter, the filing office may purge the financing statement and all related records from the searchable indexes and the UCC filing office information system. Notwithstanding the foregoing, the Second Lien Lenders provided counsel to the Trustee copies of the UCC financing statements prior to its filing of its Motion to Dismiss.

| | |
|---|---|
| DATED: September 3, 2019 | GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP |
| | By: */s/ Brian L. Davidoff* |
| |     BRIAN L. DAVIDOFF |
| |     KEITH PATRICK BANNER |
| | CHOATE, HALL & STEWART LLP |
| | By: _____ |
| |     DOUGLAS R. GOODING |
| |     JONATHAN D. MARSHALL |
| | Attorneys for Defendants Fidus Investment Corporation, Fidus Mezzanine Capital II, L.P., Avante Mezzanine Partners SBIC, LP, and Avante Mezzanine Partners II, Inc. |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):

**REPLY OF DEFENDANTS FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE PARTNERS II, INC. IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 3, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 3, 2019** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 3, 2019 | Sherry Harper | */s/ Sherry Harper* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
14012-00002/3217081.1

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Peter J Benvenutti    pbenvenutti@kellerbenvenutti.com, pjbenven74@yahoo.com
- Jonathan Boustani    jboustani@btlaw.com
- Cheryl S Chang    Chang@Blankrome.com, Hno@BlankRome.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Edward J Dennis    , eburch@lynnllp.com
- Craig N Haring    charing@blankrome.com, arc@blankrome.com
- Tobias S Keller    tkeller@kellerbenvenutti.com
- Ian Landsberg    ilandsberg@sklarkirsh.com, lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com
- Andrew B Levin    alevin@wcghlaw.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- Christian A Orozco    corozco@lynnllp.com, thooker@lynnllp.com;ejohnson@lynnllp.com
- Christopher O Rivas    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- Howard Steinberg    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- David A Taylor    david@taylorstrategic.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

14012-00002/3217081.1

**F 9013-3.1.PROOF.SERVICE**