GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN CA 89291)
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Email: steinbergh@gtlaw.com
Attorneys for Defendants
BLUE WOLF CAPITAL PARTNERS, LLC
BLUE WOLF CAPITAL FUND II, L.P.
BLUE WOLF CAPITAL ADVISORS L.P.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>    Debtor,<br>_____<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>    Plaintiffs.<br>v.<br><br>BLUE WOLF CAPITAL PARTNERS, LLC, BLUE WOLF CAPITAL FUND II, L.P., GLADSTONE INVESTMENT CORPORATION, BLUE WOLF CAPITAL ADVISORS, L.P., FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL, II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE II, INC., PENGDI HAN, DHAN, LLC, GRANT THORNTON, LLP, CTG ADVANCED MATERIALS, LLC, CTS CORPORATION, ELECTRO OPTICAL INDUSTRIES, DUFF & PHELPS, and CIT BANK, N.A,<br><br>    Defendants. | CASE NO. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>Adv. No. 9:18-ap-01058-DS<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS BLUE WOLF CAPITAL PARTNERS, LLC, BLUE WOLF CAPITAL FUND II, L.P., AND BLUE WOLF CAPITAL ADVISORS, L.P. TO COMPEL FURTHER RESPONSES TO RULE 26(a) INITIAL DISCLOSURES; STIPULATION OF DISPUTED ISSUES (Local Bankruptcy Rule 7026-1(c)(3))**<br><br>DATE:    December 9, 2020<br>TIME:    11:30 a.m.<br>PLACE:    Courtroom 201 |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE AND TO THE PLAINTIFF AND ITS COUNSEL:**

**PLEASE TAKE NOTICE** that on December 9, 2020, at 11:30 a.m., or as soon thereafter as the matter may be heard, a hearing will be conducted before the Honorable Deborah J. Saltzman, United States Bankruptcy Judge, in Courtroom 201 of the United States Bankruptcy Court located at 1415 State Street, Santa Barbara, California, 93101, to consider the Motion of Defendants Blue Wolf Capital Partners, LLC, Blue Wolf Capital Fund II, L.P., and Blue Wolf Capital Advisors L.P., (collectively, the "Blue Wolf Entities") (the "Motion") to compel further responses to Plaintiff Corporate Recovery Associates, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC ("Trustee") Rule 26(a) Initial Disclosures, pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(a) of the Federal Rules of Civil Procedure. As further set forth in the Motion, Trustee's Rule 26(a) Initial Disclosures are wholly inadequate.

The parties have met and conferred in an effort to resolve their dispute concerning the sufficiency of Trustee's Initial Disclosures. They were unable to reach an agreement and have entered into a Stipulation, which is attached to this Motion, which sets forth the dispute and the parties' positions with respect to the adequacy of the Initial Disclosures.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), anyone who wishes to oppose this Motion must do so in a writing that complies with the rules of practice and procedure before the United States Bankruptcy Court for the Central District of California, and must ensure that that such opposition is filed with the Court no later than fourteen (14) days before the hearing on the Motion.  The opposition must be served on GT at the following address:

> Howard J. Steinberg, Esq.
> Greenberg Traurig, LLP
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067

DATED:  November 18, 2020          GREENBERG TRAURIG, LLP

                                   By: /s/ Howard J. Steinberg_____
                                   Howard J. Steinberg
                                   Attorneys for Defendants
                                   BLUE WOLF CAPITAL PARTNERS, LLC
                                   BLUE WOLF CAPITAL FUND II, L.P.
                                   BLUE WOLF CAPITAL ADVISORS L.P.

## STIPULATION RE: DISPUTED ISSUES

Per Local Bankruptcy Rule 7026-1(c)(3), the disputed issue is as to the sufficiency of Trustee's Rule 26(a) Initial Disclosures. The dispute is specific to Trustee's disclosure of "documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," per Rule 26(a)(1)(A)(ii), and Trustee's disclosure of witnesses, per Rule 26(a)(1)(A)(i).

## I.    INTRODUCTION

In ruling upon motions to dismiss by the defendants to the Second Amended Complaint ("Complaint") filed by the Trustee, the Court was required to assume the truthfulness of the allegations in the pleading.  Going forward, such assumptions no longer apply.  This is of particular import because the narrative set forth by the Trustee in the Complaint is so egregiously false as to give rise to potential liability under Bankruptcy Rule 9011.  The Trustee contends that over $75 million was fraudulently transferred by the debtor, Channel Technologies Group, LLC ("CTG"), on account of its paying for obligations for which it was not liable or for which it did not receive reasonably equivalent value.  The Trustee sets forth over 500 transfers that he seeks to avoid.  The Trustee also contends that a subsidiary of defendants Blue Wolf Capital Partners, LLC, Blue Wolf Capital Fund II, L.P., and Blue Wolf Capital Advisors L.P., (collectively, the "Blue Wolf Entities"), BW Piezo Holdings, LLC ("BWP"), acquired CTG Advanced Materials, LLC ("Advanced Materials") using CTG's assets and that CTG's assets were used to pay Advanced Materials' liabilities to such a degree that alter ego liability should be imposed and that monies realized from a subsequent sale of Advanced Materials should have been paid to CTG rather than to BWP.   In fact, the opposite is the truth.  Tens of millions of dollars from the profits realized from the operations and subsequent sale of Advanced Materials were used to fund CTG's operations

A small sampling of the misrepresentations and distortions follows:

•       The Trustee alleges that over $33 million in payments that CTG made to CIT Bank ("Bank") should be avoidable. (Complaint, paras. 165, 189, 209).  The Trustee ignores the fact that CTG drew down more than this amount from Bank under a line of credit to support its business operations.  Thus, the Trustee only presents one side of the ledger and ignores the fact that CTG received more money from Bank than it repaid.  How or why such payments could possibly be a fraudulent transfer are

1    not explained.  The Trustee also ignores the fact that even the interest that accrued on the borrowings

2    from Bank by CTG were paid by BWP.

3        •        The Trustee refers to payments made by CTG to a number of professionals who provided

4    services to CTG and says that millions of dollars in payments made to the professionals did not constitute

5    reasonably equivalent value since the service providers also rendered services in some instances to

6    Advance Materials and BWP. The Trustee ignores the fact that over $13 million in profits generated by

7    Advanced Materials were down streamed to CTG so that it could make these payments.

8        •        The Trustee alleges that the acquisition of Advanced Materials left CTG without sufficient

9    resources since it was a joint obligor on a line of credit that was used to fund the acquisition.  The Trustee

10   ignores the fact that as of the time of the acquisition of Advanced Materials over $20 million in CTG's

11   debt to lenders was repaid at no cost to CTG, that CTG did not pay any funds to support the bank debt

12   used to make the acquisition, and that when Advanced Materials was sold, the entire bank line was

13   repaid, including unpaid borrowings by CTG, at no cost to CTG.  While the Trustee alleges that CTG's

14   cash was used to make the acquisition (Complaint, para. 35), the Blue Wolf Entities are unaware of any

15   evidence to support this claim.

16       •        The Trustee contends that many millions of dollars in transfers that took place in 2012 and

17   2013 that predate the acquisition of Advanced Materials are avoidable.  At the time these transfers

18   occurred, BWP was (and has always been) merely a holding company.  The underlying obligations were

19   incurred in connection with CTG's business operations and there is no plausible argument to support the

20   Trustee's contentions.

21       •        The Trustee falsely represents CTG as habitually having financial problems.  CTG was

22   profitable, and the need for it to file bankruptcy only arose when contracts were entered into with

23   government entities in or about 2015, when CTG operated under the direction of Ralph Phillips. The

24   contracts were very unprofitable, and the government refused to renegotiate them.  As a consequence,

25   Mr. Phillips was terminated.  The Trustee cites to baseless allegations in a complaint filed by Mr. Phillips

26   which is attached as an exhibit to the Complaint notwithstanding the fact that the Phillips' complaint has

27   since been dismissed and Phillips did not proceed with his meritless claims.

28       •        The Trustee falsely contends that Electro-Optical Industries ("EOI") was one of the most

*ACTIVE 53685546v3*

valuable subsidiaries of CTG and was sold a few months prior to the bankruptcy in 2016 at a "cut-rate" price to forestall CTG's bankruptcy a few months.  In fact, EOI had been losing money for several years and was sold with the help of an investment banking firm that solicited more than 40 companies in an effort to secure the best price for EOI.

In support of the Trustee's Complaint, he relies upon a few documents which mistakenly refer to Advanced Materials as a subsidiary or division of CTG even though all public filings state to the contrary.  The Trustee also relies upon a few emails that discuss intercompany payments.  Given the enormity of the amount of the Trustee's claims coupled with the paucity of factual allegations which demonstrate their validity, the need to obtain information about both documentary and testimonial support for the claims is paramount.  As noted in the Stipulation below setting forth the parties' positions, rather than provide documents which support the claims or identify them as required by Rule 26, the Trustee instead directs the defendants to review the entirety of the documents in the Trustee's possession, which number tens of millions of pages, and discern on their own which documents support the Trustee's claims.  Rather than identify witnesses who are likely to provide evidence to support the Trustee's claims as required by Rule 26, he sets forth a list of 16 persons who "may" have knowledge which will support the claims.  Some of these witnesses are employed by Blue Wolf Entities and will most certainly not support the Trustee's claims.  The Trustee cannot even identify the location of others, so how the Trustee could conclude the testimony will be helpful is a mystery.  Against this backdrop, the Trustee proposed in the Joint Status Report that discovery be concluded in two months from now. A copy of the Plaintiff's Initial Disclosures Under Rule 26 is attached hereto as Exhibit "B."

By failing to comply with obligations imposed by Rule 26, the Trustee has impaired the ability of all defendants to have a fair opportunity to prepare for trial.  The Blue Wolf Entities seek only the basic right to receive documents which support the Trustee's claims so that they can adequately prepare for and conduct depositions.  They should not be subject to tactics designed to obfuscate or ambush them at depositions and, potentially, at trial.  They should also not be put to the expense of having to depose witnesses who are identified but will not in fact testify in a manner that supports the Trustee's claims. Accordingly, it is respectfully requested that the Court order the Trustee to comply with Rule 26 obligations and afford the Blue Wolf Entities sufficient time to conduct discovery and move for summary

1  judgment with respect to the Trustee's meritless claims.

2  ## II.    STIPULATED FACTS AND LAW PERTAINING TO RULE 26 DISPUTE

3    Attached as "Exhibit" A hereto is a submission by the parties setting forth the factual and legal

4  basis of their positions with respect to the sufficiency of the Rule 26 disclosures made by the Trustee.

5  ## III.    CONCLUSION

6    For the foregoing reasons, the Blue Wolf Entities respectfully request that the Court order Trustee

7  to comply with Rule 26(a) and provide further responses and disclosures in its Initial Disclosures.

8

9  DATED:  November 18, 2020            GREENBERG TRAURIG, LLP

10

11                By /s/ Howard J. Steinberg
                      _____
12                      Howard J. Steinberg
                      Attorneys for Defendants
13                      BLUE WOLF CAPITAL PARTNERS, LLC
                      BLUE WOLF CAPITAL FUND II, L.P.
14                      BLUE WOLF CAPITAL ADVISORS L.P.

*ACTIVE 53685546v3*

**EXHIBIT A**

GREENBERG TRAURIG, LLP
Howard J. Steinberg (SBN CA 89291)
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
Email:  steinbergh@gtlaw.com

Attorneys for Defendants
BLUE WOLF CAPITAL PARTNERS, LLC
BLUE WOLF CAPITAL FUND II, L.P.
BLUE WOLF CAPITAL ADVISORS L.P.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>CHANNEL TECHNOLOGIES GROUP, LLC,<br><br>    Debtor,<br>_____<br><br>CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC,<br><br>    Plaintiffs.<br>v.<br><br>BLUE WOLF CAPITAL PARTNERS, LLC, BLUE WOLF CAPITAL FUND II, L.P., GLADSTONE INVESTMENT CORPORATION, BLUE WOLF CAPITAL ADVISORS, L.P., FIDUS INVESTMENT CORPORATION, FIDUS MEZZANINE CAPITAL, II, L.P., AVANTE MEZZANINE PARTNERS SBIC, LP, AVANTE MEZZANINE II, INC., PENGDI HAN, DHAN, LLC, GRANT THORNTON, LLP, CTG ADVANCED MATERIALS, LLC, CTS CORPORATION, ELECTRO OPTICAL INDUSTRIES, DUFF & PHELPS, and CIT BANK, N.A,<br><br>    Defendants. | CASE NO. 9:16-bk-11912-DS<br><br>Chapter 11<br><br>Adv. No. 9:18-ap-01058-DS<br><br>**STIPULATION OF DISPUTED ISSUES**<br><br>DATE:    December 9, 2020<br>TIME:    11:30 a.m.<br>PLACE:   Courtroom 201 |

ACTIVE 53848612v1

### STIPULATION RE: DISPUTED ISSUES

Per Local Bankruptcy Rule 7026-1(c)(3), the disputed issue is as to the sufficiency of Trustee's Rule 26(a) Initial Disclosures. The dispute is specific to Trustee's disclosure of "documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," per Rule 26(a)(1)(A)(ii), and Trustee's disclosure of witnesses, per Rule 26(a)(1)(A)(i).

A.    The Trustee's Disclosures Under F.R.C.P. 26(a)(1)(A)(ii).

1.    The Blue Wolf Entities' Position

Federal Rule of Civil Procedure Rule 26(a)(1)(A)(ii) requires each party to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Trustee served its Initial Disclosures on January 21, 2020. The Disclosures were not accompanied by copies of any documents, and thus the Blue Wolf Entities expected that Trustee would provide a "description by category and location," as allowed by the Rule. Trustee did not do so. Instead, the Initial Disclosures made references to the complete set of electronic documents in Trustee's possession, as well as 166 boxes of documents. This entails tens of millions of pages of documents, most of which are irrelevant to this litigation.  No description of these documents was provided.

Rule 26(a)(1)(A)(ii) and Ninth Circuit case law analyzing the Rule does not allow for this kind of vague, broad document "description." *See R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1246-47 (9th Cir. 2012) (holding that a party did not comply with its disclosure requirements under Rule 26 where it did not provide an adequate description of documents it intended to present at trial). In fact, even broad or vague descriptions of ***categories*** of documents in a party's initial disclosures has been found to be a violation of the Rule 26 disclosure obligations. *See Dhaliwal v. Singh*, No. 1:13-cv-00484-LJO-SKO, 2014 U.S. Dist. LEXIS 89670, at *23 (E.D. Cal. Jun. 28, 2014) (granting motion to compel and determining that party failed to comply with Rule 26 where it identified and described four broad categories of documents, and holding that "[t]he broad categories gives no notice to [opposing party]

which documents [disclosing party] may use to support their claims."); *see also N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM GGH, 2011 U.S. Dist. LEXIS 133672, at \*14-15 (E.D. Cal. Nov. 18, 2011) (citing Fed. R. Civ. P. 26(a)(1)(A)(ii)) (granting motion to compel compliance with Rule 26 requirements where plaintiff only provided broad description of categories of documents, and holding that the categories were "so broad as to be meaningless and do not provide defendants with any notice as to which documents, or at least which categories of documents, [plaintiff] may use to support its claims," and further ordering that plaintiff "supplement its disclosures by providing copies or a 'description by [specific] category and location of all documents, electronically stored information, and tangible things in its possession, custody, or control.'"); *Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2019 U.S. Dist. LEXIS 64423, at \*15 (S.D. Cal. Apr. 11, 2019) (holding that "[v]ague descriptions of documents are insufficient" as to Rule 26 disclosures); *Pervaiz A. Chaudhry v. Smith*, No. 1:16-cv-01243-SAB, 2020 U.S. Dist. LEXIS 30327, at \*87 (E.D. Cal. Feb. 21, 2020) (disapproved of on other grounds) (holding that a description of a category of documents stating "post-surgical dictation transcript" was too vague to "reasonably inform the defendants" of the nature of the documents, thereby rendering the Rule 26 disclosures inadequate); *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. C13-543RAJ, 2016 U.S. Dist. LEXIS 120981, at \*11-12 (W.D. Wash. Sept. 7, 2016) (finding Rule 26 disclosures inadequate where plaintiffs' description of evidence was vague and failed to "describe[]…the evidentiary basis for their claim.").

Here, Trustee did not even provide a description of ***categories*** of documents it seeks to use to support its claims and defenses; it only disclosed all the documents in its inventory, and provided neither categories of documents, nor a description of any such category. While the Trustee makes reference to an index, that index only relates to the 166 boxes of documents which number a few hundred thousand pages. There is no index or categorization with respect to the tens of millions of pages of documents produced electronically. As demonstrated above, this type of sandbagging does not come close to satisfying Trustee's obligations under Rule 26. In fact, the Ninth Circuit has explicitly held that "[t]he theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843,

862 (9th Cir. 2014). It is wholly inappropriate and contrary to the Rules to require the Blue Wolf Entities to guess as to which documents allegedly support Trustee's claims and defense. Thus, contrary to the rule, Trustee has not produced the documents it will use to support its claims in a manner that allows the Blue Wolf Entities to have any idea as to what documents Trustee believes are germane, and Trustee must provide further responses and supplement its Initial Disclosures to comply with its obligations under Rule 26.

2.    <u>The Trustee's Position</u>

The Trustee has more than sufficiently complied with Rule 26(a)(1)(A)(ii) by ***both*** providing a copy of all documents that are in Trustee's possession, custody, and control, and which it may use to support its claims or defenses, ***and*** by describing by category and location these documents. The Blue Wolf Entities' request is unsupported by law or fact, and must be denied for several reasons.

First, the Blue Wolf Entities imply that the Trustee has not produced any documents because the Trustee's Initial Disclosures were not "accompanied" by copies of any documents. To be clear, the Trustee ***has produced all*** documents that are currently in Trustee's possession, including PST email files and electronic data in the state court lawsuit. The Trustee has also made available for the Blue Wolf Entities to inspect and copy—which they did so in 2019—the 166 banker's boxes reflecting CTG's physical books and records and which are organized with an index. The Trustee has offered to re-produce all of these documents upon entry of the proposed protective order submitted by the parties. However, counsel for the Blue Wolf Entities has represented that it does not need to inspect and copy the Storage Documents or have the electronic documents re-produced again for this litigation.

Second, The Blue Wolf Entities cite to no case law which requires a party to go above and beyond the requirements of Rule 26 to provide descriptions of the categories and locations it has in its possession, custody, and control and may use to support its claim where that party has ***actually produced copies of these documents***. In each of the three cases cited by the Blue Wolf Entities—two of which are unpublished and from a different district—the courts found that the parties' disclosures were insufficient because each party failed to ***<u>both</u>*** provide a copy of all of the documents that it had in its possession, custody, or control, and may use to support its claims, ***<u>and</u>*** did not describe by category and location

these documents.

For example, in *R&R Sails, Inc.*, the Court held that " Rule 26(a)(1)(A)(ii) required R & R to produce ***either a copy or a description*** of the documents on which it based its damages calculation. R & R ***did neither*** when it made its Rule 26(a)(1) disclosures."  673 F.3d 1240, 1246-47.

Similarly, in *Dhaliwal*, the Plaintiffs complained that they had not "received a single document from Defendants, and in other state court litigation and bankruptcy proceedings involving many of these parties, Defendants have not produced any documents."  2014 WL 2957310, at *4. In that case, the court recognized ***twice*** that Rule 26(a)(1)(A)(ii) "requires only that the disclosing party provide 'a copy—*or a description by  category and location*—of all documents. . .*" id*. at *5 (emphasis in original), and that "Rule 26(a)(1)(A)(ii) requires that "a copy—*or a description*—of all documents' that the disclosing party has . . .shall be provided to the other parties," *id*. at 7*.  Again, the issue in *Dhaliwal* was that the defendants ***neither*** produced a copy of documents ***nor*** did they provide a description by category and location of documents in compliance with Rule 26.

Likewise, in *N. Am. Lubricants*, the issue before the court was whether plaintiff's descriptions of the categories of documents—in the absence of actually producing a copy of documents—was sufficient under Rule 26.  Notably, in *N. Am. Lubricants*, the plaintiff "indicated its willingness to provide defendants with a copy of the 'Constant Contact' database subject to the entry of a protective order." 2011 WL 5828232, at *6.  The court found that this production "would provide defendants with adequate notice of the trade secrets plaintiff claims," and ordered plaintiff to provide defendants with a copy of this document. *Id*.

These cases are inapposite to the facts here: rather than providing scant and broad descriptions of the categories of documents, as was the case in *R&R Sails, Dhaliwal,* and, *N. Am Lubricants*, the Trustee has taken the extra effort to actually ***provide copies*** of all of the documents it may use and rely upon in this case.  The Blue Wolf Entities have not—and cannot—cite to any case law which compels Trustee to do what the Blue Wolf Entities are seeking, i.e., to identify in detail every document that Trustee has produced.  Nor can the Blue Wolf Entities cite to any case law where a court found that a party's initial disclosures were insufficient because it ***produced*** documents rather than describing the documents.

**STIPULATION OF DISPUTED ISSUES**

Third, the Blue Wolf Entities' complaint lacks merit because the Trustee has indeed described by category and location a description of the documents which it has produced in further compliance with Rule 26.  Specifically, the Trustee describes in its initial disclosures that the electronic data "includes PST email files for its employees and CTG's electronic books and records." *See* Exhibit A, the Trustee's Initial Disclosures at 7. These documents are sorted through a directory and are text-searchable. Moreover, the Trustee has made available for inspection and copying 166 banker's boxes, which are organized with an Index.  The Trustee states in its Initial Disclosures that "The Index provides a box number, a date range, and a description. Each box also has [a] clearly-marked label that corresponds with the Index."  The Trustee further specifies that "These Storage Documents are currently located in a storage unit in San Diego." *Id*.

Fourth, the Blue Wolf Entities' complaint that the documents produced are "irrelevant to this litigation" lacks substantiation in fact or law.  The Blue Wolf Entities' beliefs that certain documents produced are irrelevant to the Trustee's claims has no bearing on Trustee's obligations to disclose documents it believes are relevant to its claims.

B.    The Trustee's Disclosures Under F.R.C.P. 26(a)(1)(A)(i) Are Insufficient

1.    The Blue Wolf Entities' Position

Rule 26(a)(1)(A)(i) provides that the disclosing party must disclose "the name and, if known, the address and telephone number of each individual ***likely to have*** discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). In its Initial Disclosures, Trustee listed witnesses who "may have" knowledge of various broad categories of subjects. This is insufficient; as specified above, Trustee must disclose names of people who will ***likely*** have knowledge of subjects to support its claims. Such vague and broad disclosures prejudice the Blow Wolf Entities, and will force them to waste time deposing unnecessary witnesses who "may" not have any discoverable information; this gamesmanship is contrary to the purpose of the Rule 26 disclosure rules, which is to "help focus the discovery that is needed, [] facilitate preparation for trial or settlement….[and] assist other parties in deciding which depositions will actually be needed." *Vincent v.*

*ACTIVE 53848612v1*

*Classic Party Rentals, Inc.*, No. CV 09-28-RGK (AGRx), 2009 U.S. Dist. LEXIS 138829, at *13 (C.D. Cal. Oct. 27, 2009); *see also Parra v. City of Santa Ana*, SACV 11-00855-JVS (ANx), 2012 U.S. Dist. LEXIS 202391, at *6 (C.D. Cal. Aug. 6, 2012) (holding that initial disclosures were inadequate and "flawed" where the information disclosed did not assist the opposing party in preparing its defense). Thus, in order to comply with its obligations under Rule 26, Trustee must amend its Disclosures and disclose the names of witnesses who are ***likely*** to have information about the topics to which Trustee makes reference in its Disclosures whose testimony will support its claims.

> ### 2.   Trustee's Position

The lone case cited by the Blue Wolf Entities for their contention that the Trustee's disclosure of witnesses pursuant to Rule 26(a)(1)(A)(i) is insufficient relates to a party's failure to meet the standard of Rule 26(a)(2)(B)(i), which governs the disclosure of expert witness opinions. 2012 WL 13018578, at *2.

Nevertheless, the Trustee has identified only 17 witnesses—compared to the Blue Wolf Entities' 23 witnesses—who are likely to have discoverable information that the Trustee may use to support its claims or defenses. ***Seven*** of the Blue Wolf Entities' witnesses overlap with the Trustee's witnesses. Only two of the Trustee's identified witnesses are party-witnesses; the remaining 15 witnesses are third-parties.  The Blue Wolf Entities' further conveniently omit that 7 of the witnesses identified by Trustee are currently or formerly represented by counsel for the Blue Wolf Entities.

The Trustee identifies in detail the various subject-matters each witness may have knowledge of and identified their relevance to this litigation, and provides more detail than the Blue Wolf Entities. For example, the Trustee identifies Lynn Chen as a witness who likely has discoverable information as follows:

| Lynn Chen<br>c/o Steve McAndrew<br>steve@kmcllp.com<br>KAUFMAN MCANDREW LLP<br>16633 Ventura Boulevard, Suite 500<br>Encino, CA 91436<br>T: 818.788.5767<br>F: 818.788.2992 | Chen was a former manager of CTG.<br><br>Chen may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |

*See* Ex. A at 4.  The Blue Wolf Entities', however, provide the following description for this same person:

| Lynn Chen<br><br>Former CFO of Channel Technologies Group and<br><br>BW Piezo Holdings, LLC | Operations of Channel Technologies Group |

*See* Ex. B., the Blue Wolf Entities' Initial Disclosures at 4.

Moreover, the Blue Wolf Entities' disclosures are incomplete: despite relying on a report prepared by David Oldham—which the Blue Wolf Entities' reference in this Stipulation and rely upon to dispute the Trustee's claims—the Blue Wolf Entities have failed to identify Mr. Oldham as a witness with discoverable information.  "A party must make its initial disclosures 'based on the information then reasonably available to it.' " *Tatung Co. Ltd. v. Hsu*, Case No. SA CV 13-1743-DOC (ANx), 2016 WL 3475327, at *2 (C.D. Cal. Apr. 6, 2016) (citing Fed. R. Civ. P. 26(a)(1)(E)).  The Trustee, at this time, has identified witnesses likely to have information that Trustee may use to support its claims or defenses based on the procedural posture of this case and on the information reasonably available to Trustee at this time.  It is the Blue Wolf Entities who have not complied.

In sum, the Blue Wolf Entities' complaints about the Trustee's disclosures under Rule 26(a)(1)(A)(i) are frivolous where not only has the Trustee identified fewer witnesses than the Blue Wolf Entities, but the Trustee has also provided greater detail about the discoverable information each witness may have knowledge of and may testify about at trial.  To the extent the Court finds that the Trustee has not strictly complied with the plain language of Rule 26(a)(1)(A)(i), the Trustee will amend its

**STIPULATION OF DISPUTED ISSUES**

1  disclosures to clarify that each of its 17 disclosed witnesses is "likely" to have discoverable information.

2

3  DATED: November 18, 2020                    GREENBERG TRAURIG, LLP

4

5                                              By /s/ Howard J. Steinberg
                                                  Howard J. Steinberg
6                                                 Attorneys for Defendants
                                                  BLUE WOLF CAPITAL PARTNERS, LLC
7                                                 BLUE WOLF CAPITAL FUND II, L.P.
                                                  BLUE WOLF CAPITAL ADVISORS L.P.
8

9  DATED: November 18, 2020                    LYNN PINKER HURST & SCHWEGMANN

10

11

12                                             By /s/ Jason Dennis
                                                  Jason Dennis
13                                                Attorneys for Plaintiff
                                                  CORPORATE RECOVERY ASSOCIATES, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIVE 53848612v1

**EXHIBIT B**

Edward Jason Dennis
jdennis@lynnllp.com
Samuel B. Hardy
shardy@lynnllp.com
Christian A. Orozco
California State Bar No. 285723
corozco@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

Special Litigation Counsel for Plaintiff

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re | § CASE NO. 9:16-BK-11912-DS |
| CHANNEL TECHNOLOGIES GROUP, LLC, *Debtor*. | § § § § |
| CORPORATE RECOVERY ASSOCIATES, LLC, as Trustee for the Liquidating Trust of Channel Technologies Group, LLC, | § Chapter 11 § § |
| *Plaintiff,* | § ADV NO. 9:18-AP-01058-DS § |
| v. | § **PLAINTIFF'S INITIAL** § **DISCLOSURES** |
| BLUE WOLF CAPITAL PARTNERS, LLC, *et al.,* *Defendants*. | § § § § |

## **Preliminary Statement**

As required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Corporate Recovery Associates, LLC, as Trustee for The Liquidating Trust of Channel Technologies Group, LLC (the "Trustee" or "Plaintiff") hereby makes the following disclosures, based on the information currently and reasonably available., The Trustee does not represent that it is identifying every document, tangible thing,

1

or witness possibly relevant to this lawsuit.  Rather, the Trustee's disclosures represent a good faith effort to identify information that the Trustee, at this time, reasonably believes may be used to support its claims or defenses, as required by Rule 26(a)(1).  Accordingly, these disclosures are made without prejudice to the Trustee's right change or supplement these disclosures in the future, and without prejudice to the Trustee's right to introduce at trial additional evidence, documents, and witnesses as warranted by the development of facts underlying this lawsuit.

The Trustee also makes these disclosures subject to and without waiving its right to withhold documents based on claims of privilege, including the attorney-client and work product privileges, the party communication privilege, the consulting expert privilege, or any other applicable privilege or immunity existing under law. The Trustee intends to assert all applicable privileges and immunities to discovery and is not waiving and does not intend to waive any such privileges or immunities.

1.    **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the Trustee may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Name | Subject | |
|------|---------|---|
| Richard Feferman<br>c/o Jason Dennis<br>Sam Hardy<br>Lynn Pinker Cox & Hurst LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>Phone: (214) 981-3800 | Feferman is the Senior Manager Director of the Trustee.<br><br>Feferman has knowledge of the following subjects:<br>• Documents received from CTG's Chief Restructuring Officer David Tiffany (the "CRO")<br>• The condition of the books and records received from the CRO | |
| Adam Blumenthal<br>c/o Howard Steinberg<br>  steinbergh@gtlaw.com | Blumenthal is a manager of at least one of the Blue Wolf Entities. | |

| | |
|---|---|
| GREENBERG TAURIG, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Blumenthal may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| Pierre Chao<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Chao was a former manager of CTG.<br><br>Chao may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| Christopher Holmes<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Holmes was a former manager of CTG.<br><br>Holmes may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| David Oldham<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Oldham was a former manager of CTG.<br><br>Oldham may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings |

PLAINTIFF'S INITIAL DISCLOSURES

| | | |
|---|---|---|
| | | and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| John Mei<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East,<br>Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Mei was a former manager of CTG.<br><br>Mei may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Charles Miller<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East,<br>Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Miller was a former manager of CTG.<br><br>Miller may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Lynn Chen<br>c/o Steve McAndrew<br>steve@kmcllp.com<br>KAUFMAN MCANDREW LLP<br>16633 Ventura Boulevard, Suite 500<br>Encino, CA 91436<br>T: 818.788.5767<br>F: 818.788.2992 | Chen was a former manager of CTG.<br><br>Chen may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Mark Shaw<br>c/o Timothy Trager<br>ttrager@rppmh.com<br>REICKER, PFAU, PYLE & MCROY LLP<br>1421 State Street, Suite B<br>Santa Barbara, CA 93101 | Shaw was a former manager of CTG.<br><br>Shaw may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities; | |

PLAINTIFF'S INITIAL DISCLOSURES

| | | |
|---|---|---|
| T: 805.966.2440<br>F: 805.966.3320 | | • The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| Kevin Ruelas<br>c/o Zubin Farinpour<br>eje@manningllp.com<br>MANNING & KASS ELLROD RAMIREZ Trester LLP<br>801 S. Figueroa St., 16th Floor<br>Los Angeles, CA 90017<br>T: 213.624.6900<br>F: 213.624.6999 | Ruelas was a former manager of CTG.<br><br>Ruelas may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Arturo Ortega<br>Unknown Contact Information | Ortega was a former officer of CTG.<br><br>Ortega may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Ralph L. Phillips<br>Unknown Contact Information | Phillips was a former manager of CTG.<br><br>Phillips may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. | |
| Pengdi Han<br>Unknown Contact Information | Han was a former manager of CTG.<br><br>Han may have knowledge of the | |

5

| | |
|---|---|
| | following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| Cheryl Hanna<br>Unknown Contact<br>Information | Han was a former officer of CTG.<br><br>Han may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| Harenjeet Narulla<br>c/o Howard Steinberg<br>steinbergh@gtlaw.com<br>Greenberg Taurig, LLP<br>1840 Century Park East,<br>Suite 1900<br>Los Angeles, CA 90067<br>T: 310.586.7702<br>F: 310.586.7800 | Narulla is a manager of at least one of the Blue Wolf Entities.<br><br>Narulla may have knowledge of the following subjects:<br>• the services provided by CTG;<br>• The relationship between CTG and the Blue Wolf Entities;<br>• The decision-making process of CTG;<br>• Payments made by CTG for the benefit of BW Piezo Holdings and CTGAM;<br>• CTG's dealings with vendors; and<br>• CTG's debts and liabilities. |
| David Tiffany<br>CR3 Partners, LLC<br>6171 W. Century Blvd., Suite 350<br>Los Angeles, CA 90045<br>T: (602) 799-7397<br>david.tiffany@cr3partners.com | Tiffany is CTG's Chief Restructuring Officer.<br><br>Tiffany may have knowledge of the following subjects:<br>• the services provided by CTG; and<br>• the maintenance of the business records of CTG. |

2. **A copy—or a description by category and location—of all documents, electronically stored information, and tangible**

PLAINTIFF'S INITIAL DISCLOSURES

**things that the Trustee has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Upon assuming its role as Trustee, the Trustee received CTG's electronic data from the CRO, David Tiffany. This electronic data includes PST email files for its employees and CTG's electronic books and records (including accounting and plex data). This data is contained in two external hard drives and a thumb drive. The Trustee is ready to provide this information subject to the Court entering a protective order.

The Trustee also obtained 166 banker's boxes ("Storage Documents") from the CRO, David Tiffany. These Storage Documents were organized with an Index and reflect CTG's physical copies of books and records. The Index provides a box number, a date range, and a description. Each box also has clearly-marked label that corresponds with the Index. These Storage Documents are currently located in a storage unit in San Diego. The Trustee will provide a conference room to allow Defendants the ability to inspect the Storage Documents in a more comfortable space at a mutually agreeable date and time for the Plaintiff and Defendants.

In addition, the Trustee may use any documents or pleadings filed, produced, or otherwise exchanged in this matter to support its defenses. Other documents and information in the Trustee's possession, custody, or control and which support the Trustee's claims may be identified as discovery is conducted in this matter, in which case the Trustee's disclosures will be supplemented accordingly pursuant to Rule 26(e).

**3.    A computation of each category of damages claimed by the Trustee—who must also make available for inspection and**

**copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

In March 2016, Blue Wolf sold CTG Advanced Materials for approximately $73 million. Instead of returning to CTG the proceeds from the sale of assets of CTG Advanced Materials, Blue Wolf structured the transaction to have the purchaser, CTS Corporation, transfer the proceeds to the Blue Wolf Entities, CIT Bank, N.A., the Mezzanine Lenders, Pengdi Han, and to the Blue Wolf Entities' insiders as bonus payments. The transfers related to the sale of CTG Advanced Materials:

| Date | Amount | Received Transfer/Beneficiary |
|---|---|---|
| On or about March 2016 | $37,134,772.79 | CIT Bank, N.A.; OneWest Bank N.A. |
| On or about March 2016 | $7,264,770.39 | Fidus Investment Corporation; Fidus Mezzanine Capital II, L.P. |
| On or about March 2016 | $7,263,263.90 | Avante Mezzanine Partners SBIC, LP |
| On or about March 2016 | $1,340.39 | Avante Mezzanine Partners II, Inc. |
| On or about March 2016 | $1,515,005.70 | CTG Advanced Materials |
| On or about March 2016 | $26,000.00 | Pengdi Han; DHAN, LLC |
| On or about | $16,612,424.11 | Blue Wolf Fund II, L.P. |

| March 2016 | | |
|---|---|---|

The subsequent transfers related to the sale of CTG Advanced Materials:

| Date | Amount | Received Transfer/Beneficiary |
|---|---|---|
| On or about March 2016 | $2,303,366.24 | Pengdi Han; DHAN, LLC |
| On or about March 2016 | $633,872.00 | Blue Wolf Capital Partners, LLC |
| On or about March 2016 | $752,245.09 | Gladstone Investment Corporation |
| On or about March 2016 | $1,340.39 | Avante Mezzanine Partners II, Inc. |
| On or about March 2016 | $199,861.70 | Fidus Investment Corporation; Fidus Mezzanine Capital II, L.P. |
| On or about March 2016 | $199,861.70 | Avante Mezzanine Partners SBIC, LP; Avante Mezzanine Partners II, Inc. |

In addition, CTG, through its officers, employees, and agents made the following transfers and incurred the following obligations:

| Date | Total Amount | Received Transfers | Beneficiary |
|---|---|---|---|
| 1/25/2013 – 4/30/2017 | $1,177,135.85 | Grant Thornton, LLP | Blue Wolf Entities; CTG Advanced Materials, LLC |

| 12/20/2012–9/30/2016 | $789,579.14 | Holland & Knight | Blue Wolf Entities CTG Advanced Materials, LLC |
|---|---|---|---|
| 12/20/2013–12/31/2015 | $1,959,987.31 | Fidus Investment Corporation; Fidus Mezzanine Capital II, L.P. | Blue Wolf Entities; CTG Advanced Materials, LLC |
| 12/3/2012–6/10/2016 | $2,731,668.15 | Gladstone Investment Corporation | Blue Wolf Entities; CTG Advanced Materials, LLC |
| 12/11/2015 | $50,000.00 | Raymond James & Associates, Inc. | Blue Wolf Entities; CTG Advanced Materials, LLC |
| 12/19/2013–2/18/2016 | $1,957,300.44 | Avante Mezzanine Partners SBIC, LP; Avante Mezzanine Partners II, Inc. | Blue Wolf Entities; CTG Advanced Materials, LLC |
| 1/10/2013–5/13/2016 | $1,984,330.21 | Blue Wolf Capital Partners, LLC | Blue Wolf Entities; CTG Advanced Materials, LLC |

| | | | |
|---|---|---|---|
| 7/24/2013 – 10/28/2014 | $18,752,915.42 | CIT Bank, N.A.; OneWest Bank N.A. | Blue Wolf Entities; CTG Advanced Materials, LLC |
| 5/31/2013 – 2/25/2016 | $9,409,002.23 | CIT Bank, N.A.; OneWest Bank N.A. | Blue Wolf Entities CTG Advanced Materials, LLC; Electro Optical Industries |
| 4/3/2015 | $36,995.00 | Duff & Phelps, LLC | Blue Wolf Entities CTG Advanced Materials, LLC; Electro Optical Industries |
| 3/11/2015 – 5/26/2016 | $165,365.86 | McDermott Will & Emery, LLP | Blue Wolf Entities; CTG Advanced Materials, LLC |

4.    **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

The Trustee is not aware of any at this time.

DATED: January 21, 2020

Respectfully submitted,

/s/

Edward Jason Dennis
Texas State Bar No. 24045776
jdennis@lynnllp.com
Samuel B. Hardy
Texas State Bar No.
shardy@lynnllp.com
Christian A. Orozco

California State Bar No. 285723
corozco@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 - Telephone
(214) 981-3839 - Facsimile

Special Litigation Counsel for
Corporate Recovery Associates, LLC,
Trustee for the Liquidating Trust of
Debtor Channel Technologies Group, LLC

PLAINTIFF'S INITIAL DISCLOSURES

1

## PROOF OF SERVICE

2

**STATE OF TEXAS, COUNTY OF DALLAS**

3

      I am employed in the County of Dallas, State of Texas.  I am over the age of 18 and not a party to the within action; my business address is 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201.

4

5

On January 21, 2020, I caused the document described below as **PLAINTIFF'S INITIAL DISCLOSURES** to be served on all interested parties in this action via email:

6

7

## SEE ATTACHED SERVICE LIST

8

[]     **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Dallas, Texas.  I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Dallas, Texas in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

13

[]     **(BY OVERNIGHT-FEDERAL EXPRESS)** I caused said document(s) to be picked up by U.S. Federal Express Services for overnight delivery to the offices of the addressees listed on the Service List.

14

15

[]     **(BY PERSONAL SERVICE)** I caused to be delivered such document by hand to the above-identified recipient through the use of First Legal Attorney Service whose address is:  1517 West Beverly Boulevard, Los Angeles, CA  90026, and whose telephone number is (213) 250-1111.

16

17

18

[]     **(BY FACSIMILE)** I caused said document(s) to be telephonically transmitted to each addressee's telecopier (Fax) number as noted.

19

20

**[XX]  (BY ELECTRONIC MAIL)** I caused said document(s) to be served via electronic transmission to each addressee's electronic mail address(es) as noted on the attached Service List.

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

Executed on January 21, 2020, at Dallas, Texas.

25

26

_____

Emily Burch

27

28

PLAINTIFF'S INITIAL DISCLOSURES

## SERVICE LIST
### United States Bankruptcy Court
### Central District of California, Northern Division
### Case No. 9:16-BK-11912-DS
### Adv. No. 9:19-AP-01058-DS

Howard J. Steinberg
steinbergh@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121

**Attorneys for Defendants Blue Wolf Capital Partners, LLC, Blue Wolf Capital Fund II, L.P., Blue Wolf Capital Advisors L.P., and BW Piezo Holdings, LLC**

Brian L. Davidoff
bdavidoff@greenbergglusker.com
Keith Patrick Banner
kbanner@greenbergglusker.com
GREENBERG GLUSKER, ET AL.
1900 Ave of the Stars 21st Floor
Los Angeles, California 90067

**Attorneys for Defendants Avante Mezzanine Partners II, Inc., Avante Mezzanine Partners SBIC, LP, Fidus Investment Corporation, and Fidus Mezzanine Capital II, L.P.**

Cheryl S. Chang
Chang@Blankrome.com
Craig N. Haring
charing@blankrome.com
BLANK ROME LLP
2029 Century Park East, Sixth Floor
Los Angeles, California 90067

**Attorneys for Gladstone Investment Corporation**

Brian L. Davidoff
bdavidoff@greenbergglusker.com
Keith Patrick Banner
kbanner@greenbergglusker.com
GREENBERG GLUSKER, ET AL.
1900 Ave of the Stars 21st Floor
Los Angeles, California 90067

**Attorneys for Defendants Avante Mezzanine Partners II, Inc., Avante Mezzanine Partners SBIC, LP, Fidus Investment Corporation, and Fidus Mezzanine Capital II, L.P.**

Ian Landsberg
ilandsberg@sklarkirsch.com
SKLAR KIRSCH, LLP
1880 Century Park East, Ste. 300
Los Angeles, California 90067

**Attorney for Grant Thornton, LLP**

Jonathan Boustani
jboustani@btlaw.com
BARNES & THORNBURG LLP
2029 Century Park East, Ste. 300
Los Angeles, CA 90067

**Attorney CTG Advanced Materials, LLC and CTS Corporation**

PLAINTIFF'S INITIAL DISCLOSURES

1    Peter J. Benvenutti
2    pbenvenutti@kellerbenvenutti.com
     KELLER & BENVENUTTI LLP
3    One Montgomery Tower, Ste. 2200
     San Francisco, California 94104
4
5    ~ and ~

6    Tobias S. Keller
     tkeller@kellerbenvenutti.com
7    KELLER & BENVENUTTI LLP
     555 California St., 26th Floor
8    San Francisco, California 94104
9
10    ~ and ~

11    David A. Taylor
     david@taylorstategic.com
12    TAYLOR STRATEGIC PC
     411 Borel Ave., Ste. 310
13    San Mateo, California 94402

14    **Attorneys for Electro Optical**
15    **Industries**

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S INITIAL DISCLOSURES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                                  *Printed Name*                                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

**PROOF OF SERVICE OF DOCUMENT**

**ATTACHMENT PAGE**

1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)

- **Jonathan Boustani**    jboustani@btlaw.com
- **Cheryl S Chang**    Chang@Blankrome.com, Hno@BlankRome.com
- **Edward J Dennis**    , eburch@lynnllp.com;srusso@lynnllp.com
- **Craig N Haring**    charing@blankrome.com
- **Paul J Laurin**    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com
- **Andrew B Levin**    alevin@wcghlaw.com,
  Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- **Christian A Orozco**    christian.a.orozco@usdoj.gov
- **Christopher O Rivas**    crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com
- **Howard Steinberg**    steinbergh@gtlaw.com, pearsallt@gtlaw.com;laik@gtlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov